Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1  Brian Victor Charles, *sui juris, In Propria Persona*.
2  C/o PO Box 1422
   Marion, South Carolina [29571]
3  non-domestic *without* the United States

4  *Attorney-In-Fact, Executor, Authorized*
5  *Representative, and* **Secured Party** for Plaintiff(s)
   ™BRIAN VICTOR CHARLES© ESTATE,
6  ™BRIAN VICTOR CHARLES©

FEB 18 '25 PM12:07
RCV'D – USDC FLO SC

7

8          **UNITED STATES DISTRICT COURT FOR**
9          **THE DISTRICT OF SOUTH CAROLINA**

10  ™BRIAN VICTOR CHARLES© ESTATE,          Case No.:
    ™BRIAN VICTOR CHARLES©,
11                                           **VERIFIED COMPLAINT FOR:**
12              *Plaintiff(s),*              1.  **FRAUD**
                                             2.  **BREACH OF CONTRACT**
13         *vs.*                             3.  **THEFT, EMBEZZLEMENT, AND**
    Birgit Boehm,                                **FRAUDULENT MISAPPLICATION**
14  Sebastian Mackensen,                         **OF FUNDS AND ASSETS**
    John Minshew,                            4.  **FRAUD, FORGERY, AND**
15  Joey Vause,                                  **UNAUTHORIZED USE OF**
    BMW FINANCIAL SERVICES NA, LLC,              **IDENTITY**
16  BMW OF NORTH AMERICA,                    5.  **MONOPOLIZATION OF TRADE**
    BMW VEHICLE OWNER TRUST 2020-A,              **AND COMMERCE, AND UNFAIR**
17  BMW FLORENCE,                                **BUSINESS PRACTICES**
    *Does 1-100 Inclusive,*                  6.  **DEPRIVATION OF RIGHTS UNDER**
18                                               **COLOR OF LAW**
                                             7.  **RECEIVING EXTORTION**
19              *Defendant(s).*                  **PROCEEDS**
                                             8.  **FALSE PRETENSES AND FRAUD**
20                                           9.  **EXTORTION**
                                             10. **RACKETEERING**
21                                           11. **BANK FRAUD**
                                             12. **FRAUDULENT TRANSPORTATION**
22                                               **AND TRANSFER OF STOLEN**
                                                 **GOODS AND SECURITIES**
23                                           13. **SLANDER OF TITLE**
                                             14. **REPLEVIN OR COMPENSATION**
24                                           15. **UNLAWFUL INTERFERENCE,**
                                                 **INTIMIDATION, EXTORTION, AND**
25                                               **EMOTIONAL DISTRESS**
                                             16. **DECLARATORY JUDGEMENT &**
26                                               **RELIEF**
                                             17. **SUMMARY JUDGEMENT AS A**
                                                 **MATTER OF LAW - AGREED AND**
                                                 **STIPULATED ONE HUNDRED**
                                                 **MILLION DOLLAR ($100,000,000)**
                                                 **JUDGEMENT AND LIEN.**

27  **COMES NOW**, Plaintiffs ™BRIAN VICTOR CHARLES© ESTATE, ™BRIAN
28  VICTOR CHARLES©, (hereinafter "Plaintiffs"), by and through their Attorney-In-

Registered Mail #**RF438603559US** — **Dated:** **02/12/2025**

1  Fact, **Brian-Victor: Charles**, who is proceeding *sui juris, In Propria Persona*, and by
2  *Special Limited Appearance*. **Brian** is a **natural** *freeborn* **Sovereign** and state Citizen
3  of New York **the republic** in its De'jure capacity as one of the several states of the
4  Union 1789. This incidentally makes them both a **national** American Citizen of the
5  republic as per the **De'Jure Constitution for the United States 1777/1789**.
6  Plaintiffs, acting through their Attorney(s)-in-Fact, assert their *unalienable* right to
7  **contract**, as secured by **Article I, Section 10** of the **Constitution**, which states: "No
8  State shall... pass any Law impairing the Obligation of **Contracts.**" and thus which
9  *prohibits* states from impairing the obligation of **contracts**. This clause
10  **unequivocally** prohibits states from impairing the obligation of contracts, including
11  but not limited to, a trust and contract agreement as an '*Attorney-In-Fact*,' and any
12  private contract existing between Plaintiffs and Defendants. A true and correct copy
13  of the '*Affidavit: Power of Attorney In Fact*,' is attached hereto as **Exhibit A** and
14  incorporated herein by reference.
15  Plaintiffs further rely on their inherent rights under the **Constitution** and the
16  common law—rights that predate the formation of the state and remain
17  safeguarded by due process of law

18  I.                              **Constitutional Basis:**

19  Plaintiffs assert that their private rights are secured and protected under the
20  **Constitution, common law,** and **exclusive equity**, which govern their ability to
21  freely contract and protect their property and interests..
22  Plaintiffs respectfully assert and affirm:

23  • "The individual may stand upon his constitutional rights as a citizen. He is
24  entitled to carry on his **private** business in his own way. **His power to**
25  **contract is** *unlimited*. He owes no such duty [to submit his books and papers
26  for an examination] to the State, since he receives nothing therefrom, beyond
27  the protection of his life and property. His rights are such as existed by the
28  law of the land [Common Law] long antecedent to the organization of the

State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights." (*Hale v. Henkel*, 201 U.S. 43, 47 [1905]).

- "The claim and exercise of a constitutional **right cannot** be converted into a crime." — Miller v. U.S., 230 F 2d 486, 489.

- "Where **rights secured by** the Constitution are involved, **there can be no rule making or legislation** which would abrogate them." — Miranda v. Arizona, 384 U.S.

- "There can be no sanction or penalty imposed upon one because of this exercise of constitutional **rights**." — Sherar v. Cullen, 481 F. 945.

- "A law repugnant to the Constitution is **void**." — *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).

- "It is not the duty of the citizen to surrender his rights, liberties, and immunities under the guise of police power or any other governmental power." — *Miranda v. Arizona*, 384 U.S. 436, 491 (1966).

- "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." — *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).

- "No one is bound to obey an unconstitutional law, and no courts are bound to enforce it." — *16 Am. Jur. 2d, Sec. 177, Late Am. Jur. 2d, Sec. 256*.

- "Sovereignty itself remains with the people, by whom and for whom all government exists and acts." — *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

## II.                     Supremacy Clause

Plaintiffs respectfully assert and affirm that:

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

- **The Supremacy Clause** of the Constitution **of the U**nited **S**tates (**Article VI, Clause 2**) **establishes** that **the Constitution**, federal laws made **pursuant to it**, and treaties **made under its authority**, constitute the "**supreme Law of the Land**", and thus **take priority over any conflicting state laws.** It provides that state courts are bound by, and state constitutions subordinate to, the supreme law. However, federal statutes and treaties must be within the parameters of the Constitution; **that is, they must be pursuant to** the federal government's **enumerated powers**, and **not violate other constitutional limits on federal power ...** As a constitutional provision identifying the supremacy of federal law, the Supremacy Clause assumes the underlying priority of federal authority, **albeit only when that authority is expressed in the Constitution itself; no matter what** the federal or state governments **might wish to do**, they **must** stay within the boundaries of the **Constitution.**

**Plaintiffs** sue Defendant(s) and assert as **established**, *considered*, *agreed* and *admitted* by Defendants:

**1. Plaintiffs,** ™BRIAN VICTOR CHARLES© ESTATE, ™BRIAN VICTOR CHARLES©, (collectively referred to as "Plaintiffs") are the holders in due course' of all assets, intangible and tangible, hold allodial title to all assets, and are each **foreign** to the 'United States, which is a federal corporation, as evidenced by 28 U.S. Code § 3002, and are **not** subject to its jurisdiction thereof.

**2.** Plaintiff(s) is/are **undisputedly** the Real Party(ies) in Interest, holder(s) in due course, Creditor(s), and hold allodial tittle to **any and all** assets, registered or unregistered, tangible or intangible.

**3.** Plaintiffs are the **holder(s) in due course** of **all** assets, tangible and intangible, registered and unregistered, in accordance with U.C.C. § 3-302.

**4.** Plaintiffs all have explicitly reserved *all* of their rights, also in accordance with U.C.C. § 1-308, **and** have **waive none**.

1  **5.** Plaintiffs alone *__undisputedly__* have exclusive, sole, and **complete standing.**

2  ## III. Defendants

3  **6.** Defendant(s), Birgit Boehm, Sebastian Mackensen, John Minshew, Joey

4  Vause, BMW FINANCIAL SERVICES NA, LLC, BMW OF NORTH

5  AMERICA, BMW VEHICLE OWNER TRUST 2020-A, BMW FLORENCE,

6  and/or *Does 1-100 Inclusive*, according to Law and Statute, are each a

7  '**person**,' and/or '**trust**' and/or '**individual**,' and/or '**bank**' as defined by 26

8  U.S. Code § 7701(a)(1), U.C.C. §§ 1-201 and 4-105, 26 U.S. Code § 581, and 12

9  U.S. Code § 221a, and/or a '**financial institution**,' as defined by 18 U.S. Code

10 § 20 - Financial institution defined, and Defendants are engaged in interstate

11 commerce, and/or doing business in Florence County, South Carolina.

12  **7.** Defendants are **undisputedly** the **DEBTORS** in this matter.

13  **8.** Defendants are **undisputedly** **NOT** the CREDITOR(S), or an ASSIGNEE(S) of

14 the CREDITOR(S), in this matter.

15  **9.** Defendants do **NOT** have power of attorney in any way.

16  **10.** Defendants do **NOT** have **any** standing.

17 ## IV. Unknown Defendants (Does 1-100)

18  11. Plaintiffs do not know the true names of **Defendants Does 1 through 100**, inclusive,

19 and therefore sues them by those fictitious names. Their true names and capacities are

20 unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will

21 amend this complaint by inserting their true names and capacities herein. Plaintiff is

22 informed and believes and thereon alleges that each of these unknown and fictitiously

23 named Defendant(s) claim some right, title, estate, lien, or interest in the hereinafter-

24 described real property adverse to Plaintiff's title, and that their claims, and each of them,

25 constitute a cloud on Plaintiff's title to that real property.

26 ## V.   DESCRIPTION OF STOLEN PRIVATE TRUST PROPERTY

27  12. This action affects robbery, theft, and unlawful possession of and title to the

28 private Trust property (herein referred to as "private property" and/or "subject

1  property") situated in the county of Marion County, South Carolina, commonly
2  described as a **2020 BMW M550i xDrive Sedan, VIN# WBAJS7C05LCE13604**,
3  hereinafter referred to as the "Property," and **all** bonds, securities, Federal Reserve
4  Notes, assets, tangible and intangible, registered and unregistered, and more
5  particularly described in the <u>Authentic</u> **UCC1 filing and NOTICE #240820-1227141**
6  **and UCC3 filing and NOTICE #240909-1746112**, all Filed in the Office of Secretary
7  of State State Of South Carolina. Attached hereto as **Exhibits B and C** respectively,
8  and incorporated herein by reference.

9     13.This action **also** affected *any and all* titles, investments, interests, principal
10  amounts, **credits**, funds, assets, bonds, Federal Reserve Notes, notes, bills of
11  exchange, entitlements, negotiable instruments, or similar collateralized,
12  hypothecated, and/or securitized items in any manner tied to Plaintiffs' signature,
13  promise to pay, order to pay, endorsement, credits, authorization, or comparable
14  actions (collectively referred to hereinafter as "Assets").

15     14. Defendants have conspired together and illegally, unlawfully, and
16  unconstitutionally stolen the private property.

17  # VI.                    STANDING

18     7. Plaintiffs are <u>**undisputedly**</u> the Real Party(ies) in Interest, holder(s) in due
19  course, Creditor(s), and hold allodial tittle to **any <u>and</u> all** assets, registered or
20  unregistered, tangible or intangible, in accordance with contract law, principles,
21  **common law**, **exlcusive equity**, the right to equitable subrogation, and the U.C.C.
22  (Uniform Commercial Code). This is further evidenced by the following UCC
23  filings, all duly filed in the Office of the Secretary of State, State of Nevada: **UCC1**
24  **filing and NOTICE #240820-1227141 and UCC3 filing and NOTICE**
25  **#240909-1746112** (Exhibits B and C), and in accordance with UCC §§ 3-302, 9-105,
26  and 9-509.

27     8. **Plaintiffs'** contracted Attorney-In-Fact, Executor, and Authorized
28  Representative is Brian Victor Charles, as evidenced by the 'Affidavit: Power of

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  Attorney in Fact,' attached hereto as **Exhibit A**, and incorporated herein by
2  reference.

3     9. Plaintiffs maintain **exclusive and sole standing** in relation to said assets
4  and their interests, as duly recorded and affirmed by these filing.

5     10. Plaintiff(s) alone possess(es) *exclusive equity.*

6     11. Defendants do **NOT** have **any** valid interest or standing.

7     12. Defendants do **NOT** have a valid claim to the '**Property**', or any of the
8  respective Assets, registered and unregistered, tangible and intangible.

9  **VII.**      **'state Citizen' vs 'citizen of the United States'**

10     13. "**The fourteenth amendment <u>creates and defines</u> citizenship of the United**
11  **States**. It had long been contended, and had been held by many learned authorities,
12  and had never been judicially decided to the contrary, that there was no such thing
13  as a citizen of the <u>United States</u>, except as that condition arose from citizenship of
14  some state. No mode existed, it was said, of obtaining a citizenship of the <u>United</u>
15  States, except by first becoming a citizen of some state. ***This question is now at rest.***
16  The fourteenth amendment defines and declares who shall be citizens of the <u>United</u>
17  States, to wit, "all persons born or naturalized in the <u>United States, and</u> subject to
18  the jurisdiction thereof." The latter qualification was intended to exclude the
19  children of foreign representatives and the like. With this qualification, every
20  person born in the United States or naturalized is declared to be a citizen of the
21  United <u>States</u> and of the state wherein he resides." — UNITED STATES V.
22  ANTHONY. [11 Blatchf. 200; 5 Chi. Leg. News. 462, 493; 17 Int. Rev. Rec. 197; 30
23  Leg. Int. 266; 5 Leg. Op. 63; 20 Pittsb. Leg. J. 199.] Circuit Court, N. D. New York.
24  June 18, 1873.

25     14. "It is quite clear, then, that there is a citizenship of the <u>United States</u>**
26  **and** a citizenship of a State, which are distinct from each other and which depend
27  upon different characteristics or circumstances in the individual." — <u>Slaughter</u>
28  <u>House Cases</u>, 83 U.S. 36 (1872).

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

15. "We have in our political system a Government of the United States **and a government of each of the several States.** Each one of these governments is distinct from the others, and each has citizens of its own who owe it allegiance, and whose rights, within its jurisdiction, it must protect. **The same person may be at the same time a citizen of the United States and a Citizen of a State**, but his rights of citizenship under one of these governments will be different from those he has under the other." — Slaughter House Cases **United States vs. Cruikshank**, 92 U.S. 542 (1875).

16. "One may be a citizen of a State and yet not a citizen of the United States." — Thomasson v. State, 15 Ind. 449; Cory v. Carter, 48 Ind. 327 (17 Am. R. 738); McCarthy v. Froelke, 63 Ind. 507; *In Re* Wehlitz, 16 Wis. 443. [McDonel v. State, 90 Ind. 320, 323 (1883)] [underlines added].

17. "The first clause of the fourteenth amendment of the federal Constitution made negroes citizens of the United States**, and citizens of the state in which they reside, and thereby created **two classes** of citizens, one of the United States** and the other of the state." — [4 Dec. Dig. '06, p. 1197, sec. 11]["Citizens" (1906), emphasis added].

18. "That there is **a citizenship of the United States and a citizenship of a state,** and the privileges and immunities of one are not the same as the other is well established by the decisions of the courts of this country." — [Tashiro v. Jordan, 201 Cal. 236 (1927)].

19. "... both before and after the Fourteenth Amendment to the federal Constitution, it has not been necessary for a person to be a citizen of the United States in order to be a citizen of his state." — [Crosse v. Board of Supervisors of Elections] [221 A.2d 431 (1966)].

20. "The privileges and immunities clause of the Fourteenth Amendment protects very few rights because it neither incorporates any of the Bill of Rights nor protects all rights of individual citizens. See Slaughter-House Cases, 83 U.S.

(16 Wall.) 36, 21 L.Ed. 394 (1873). Instead, this provision protects only those rights peculiar to being a citizen of the federal government; it does not protect those rights which relate to state citizenship." — [Jones v. Temmer, 829 F.Supp. 1226 (USDC/ DCO 1993)]

21. The 1st clause of the fourteenth Amendment states: "All persons born or naturalized in the United States, **and** subject to the jurisdiction thereof, are citizens of the United States and the state wherein they reside."

22. The 1st clause of the fourteenth Amendment **does not** say: "All persons born or naturalized in the United States, **are** subject to the jurisdiction thereof . . . ."

23. The 1st clause of the fourteenth Amendment contains **two requirements** for United States citizenship: **(a)** that a person be born or naturalized in the United States **and (b)** that a person be subject to the jurisdiction of the United States.

# VIII.    national/non-citizen national aka state Citizen

9. The **Department of State** document, "Certificates of Non-Citizen Nationality," located at *https://travel.state.gov/content/travel/en/legal/travel- legal-considerations/us-citizenship/Certificates-Non-Citizen-Nationality.html* says — in part — in the 3rd paragraph: "Section 101(a)(21) of the INA defines the term '**national**' as 'a person owing permanent allegiance to a state.' Section 101(a)(22) of the INA provides that the term '**national** of the United States' includes all U.S. citizens as well as persons who, though not citizens of the United States, owe permanent allegiance to the United States (**non-citizen nationals**)."

10. **Title 8 U.S. Code 1101(b)(22) - Definition,** expressly stipulates, " **(22)**The term "**national** of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

11. **22 CFR § 51.2 - Passport issued to nationals only,** stipulates: (a) A passport may be issued **only** to a U.S. **national**.

12. **22 CFR § 51.3 - Types of passports,** stipulates: (a) Regular passport. A regular passport is issued to a **national** of the United States. (e) Passport card. A passport card is issued to a **national** of the United States on the same basis as a regular passport.

13. Attached is national's national/non-citizen national PASSPORT CARD #C35569885 and PASSPORT BOOK #A33055780, as defined by **22 CFR § 51.2 and 22 CFR § 51.3 and t**hese DOCUMENTS unequivocally demonstrates that the holder (Affiant) is a 'national,' as defined by these provisions. Attached hereto as **Exhibits D and E** and incorporated herein by reference.

24. **Title 18 U.S. Code § 112 - Protection of foreign officials, official guests, and internationally protected persons,** expressly stipulates that "foreign government", "foreign official", "internationally protected person", "international organization", "**national** of the United States", and "official guest" have the ***same meaning.***

25. It is **unequivocally true** that **Title 18 U.S. Code § 112 - Protection of foreign officials, official guests, and internationally protected persons** expressly stipulates that in additional to being a **national**, a national is ***also*** considered a "foreign government", "foreign official", "internationally protected person", "international organization", "**national** of the United States", and "official guest."

## IX.    UNREBUTTED AFFIDAVITS, STIPULATED FACTS, CONTRACT SECURITY AGREEMENT, AND AUTHORIZED JUDGMENT AND LIEN

26. Plaintiffs and Defendants are parties to certain Contract and Security Agreements, specifically contract security agreement numbers **RF661592921US, and RF438602920US** Each contract security agreement and/or self-executing contract security agreement was received, considered, and agreed to by Defendants through silent acquiescence, tacit agreement, and tacit procuration. Each contract also

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1 includes a corresponding Form 3811, which was signed as evidence of receipt. —

2 **AN UNREBUTTED AFFIDAVIT STANDS AS TRUTH IN COMMERCE.** (12 Pet.

3 1:25; Heb. 6:13-15;). 'He who does not deny, admits. **AN UNREBUTTED**

4 **AFFIDAVIT BECOMES THE JUDGEMENT IN COMMERCE.** (Heb. 6:16-17;).

5 'There is nothing left to resolve.' All referenced contracts and signed Forms 3811 are

6 attached hereto as **Exhibits F, G, H, and I** respectively, as follows:

7  • **Exhibit F**: Contract Security Agreement #RF661592921US.

8  • **Exhibit G**: Form 3811 corresponding to Exhibit F

9  • **Exhibit H**: Contract Security Agreement #RF438602920US.

10  • **Exhibit I**: Form 3811 corresponding to Exhibit H:

11    27.**Self-Executing** Contract Security Agreements were *received,*

12 *considered,* and *agreed* to by Defendants, acknowledging and accepting a

13 Judgement, Summary Judgement, and/or Lien Authorization (in accordance

14 with U.C.C. § 9-509), against Defendants in the amount of One Hundred Million

15 and 00/100 dollars ($100,000,000.00), in favor of Plaintiffs.

16    28. Defendant(s) have/had a **duty** to respond to all of Plaintiffs' NOTICES

17 and binding CONTRACTS, and have intentionally and willfully remained silent

18 and and dishonor

19    29. Defendants have *received, considered,* and *agreed* to **all** the terms of all contract

20 agreements, constituting a bona fide contract under the principles of contract law and the

21 Uniform Commercial Code (U.C.C.). Pursuant to the mailbox rule, which establishes that

22 **acceptance of an offer is effective when dispatched** (U.C.C. § 2-206. Offer and Acceptance

23 in Formation of Contract) and **principles** of **silent acquiescence, tacit procuration**, and

24 **tacit agreement**, the acceptance is valid. This acceptance is in alignment with the doctrine

25 of 'offer and acceptance' and the provisions of U.C.C. § 2-202, which governs the **final**

26 expression of the CONTRACT. Furthermore, under the U.C.C., all assets—whether

27 registered or unregistered—are held subject to the **allodial** title, with Plaintiffs maintaining

28 sole and exclusive standing over all real property, assets, securities, both tangible and

1    intangible, registered and unregistered, **as evidenced** by **UCC1 filing and NOTICE**

2    #**240820-1227141** **and UCC3 filing and NOTICE #**240909-1746112 (Exhibits B and C).

3    ## X.    NO AGREEMENT TO ARBITRATION AND VALIDATION

4    ## OF BINDING CONTRACT(S) UNDER U.C.C. *PRINCIPLES*

5        30.**No Stipulation to Arbitration**: It is important to clarify that there is no

6    stipulation to arbitration as evidenced by the unrebutted verified commercial

7    affidavits (Exhibits F and H). These affidavits present facts that all parties have

8    agreed to. Consequently, all issues are considered settled according to the principles

9    of *res judicata*, which are further supported by **U.C.C. § 2-202**, *Final* Written

10    Expression: Parol or Extrinsic Evidence. This section states that a writing intended

11    by the parties to serve as the definitive *final* expression of their **agreement** cannot

12    be contradicted by any evidence of prior or contemporaneous agreements.

13        31. **U.C.C. § 1-103 – Enforcement of Contract and Fraud:** Under U.C.C. §

14    1-103, the Uniform Commercial Code applies to contracts unless explicitly stated

15    otherwise. This section provides that fraud, duress, or any unlawful condition does

16    **not** negate the binding nature of the contract. Therefore, the contracts in question

17    are enforceable as written, free from fraud or misrepresentation, and valid under

18    commercial law principles.

19        32.**U.C.C. § 2-204 – Formation of Contract**: As further supported by U.C.C. §

20    2-204, a contract can be formed even if the exact terms are not yet agreed upon,

21    provided that there is an intention to form a contract and an agreement on essential

22    terms. This principle affirms that the actions of the parties and the language in the

23    unrebutted affidavits constitute an agreement to the terms at hand, making

24    arbitration unnecessary.

25        33. **U.C.C. § 2-206 – Offer and Acceptance**: Additionally, U.C.C. § 2-206

26    confirms that an offeror is bound by the terms once an offer is accepted, unless the

27    offer states otherwise. The verified commercial affidavits and contract and security

28    agreements (Exhibits F and H) submitted are *prima facie* **evidence** that the parties

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1   have mutually agreed to the terms, thereby forming a **CONTRACT** under the

2   **principles** of offer and acceptance outlined in U.C.C. § 2-206.

3    34. As *considered, agreed,* and *stipulated* by Defendant(s) in the <u>unrebutted</u>

4   verified commercial affidavits, contract agreement, and/or self-executing contract

5   security agreement(s) (Exhibits F and H), Defendants may **not** argue, controvert, or

6   otherwise protest the finality of the administrative findings established through the

7   **unrebutted verified commercial affidavits**. As per established legal principles and

8   **legal maxims**, once an affidavit is submitted and not rebutted, its content is

9   accepted as true, and Defendants are **estopped and barred** from contesting these

10   findings in subsequent processes, **whether administrative or judicial**.

11    35. As *considered, agreed,* and *stipulated* by Defendants in the <u>unrebutted</u>

12   verified commercial affidavits, contract agreement, and self-executing contract

13   security agreements (Exhibits F and H), Defendants or the entity they represent **is/**

14   **are the <u>DEBTOR(S)</u>** in this matter.

15    36. As *considered, agreed,* and *stipulated* by Defendants in the <u>unrebutted</u>

16   verified commercial affidavits, contract agreement, and self-executing

17   contract security agreements (Exhibits F and H), Defendants are **NOT** the

18   CREDITOR, or an ASSIGNEE of the CREDITOR, in this matter.

19    37. As *considered, agreed,* and *stipulated* by Defendants in the <u>unrebutted</u>

20   verified commercial affidavits, contract agreement, and self-executing contract

21   security agreements (Exhibits F and H), Defendants are indebted to Plaintiffs in the

22   amount of **One Hundred Million Dollars ($100,000,000.00)**.

23    38. As *considered, agreed,* and *stipulated* by Defendants in the ***<u>unrebutted</u>***

24   verified commercial affidavits, contract agreement, and self-executing contract

25   security agreements (Exhibits F and H), Defendants do NOT have 'standing.'

26    39. As *considered, agreed,* and *stipulated* by Defendants in the ***<u>unrebutted</u>***

27   verified commercial affidavits, contract agreement, and self-executing contract

28   security agreements (Exhibits F and H), under **Rule 56(c) of the South Carolina**

VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR COMPENSATION, and DEMAND SUMMARY JUDGEMENT AS A MATTER OF LAW

1   **Rules of Civil Procedure (SCRCP),** summary judgement is appropriate when there

2   is no triable issue of material fact and the moving party is entitled to judgement as a

3   matter of law. The **_unrebutted_** verified commercial affidavits, contract agreement,

4   and/or self-executing contract security agreement(s) (Exhibits F and H) submitted

5   by Plaintiff(s) demonstrate that no triable issues of material fact remain in dispute,

6   and **Plaintiffs are _entitled_** to judgement based on the evidence presented and as *a*

7   *matter of law.*

8      40. As *considered, agreed,* and *stipulated* by Defendants in the **_unrebutted_**

9   verified commercial affidavits, contract agreement, and self-executing contract

10   security agreements (Exhibits F and H), "Statements of **fact** contained in affidavits

11   which are **not** rebutted by the opposing party's **affidavit or pleadings <u>may</u>**[must]

12   be accepted as **true** by the trial court." --Winsett v. Donaldson, 244 N.W.2d 355

13   (Mich. 1976).

14      41. As *considered, agreed,* and *stipulated* by Defendants in the **_unrebutted_**

15   verified commercial affidavits, contract agreement, and self-executing contract

16   security agreements (Exhibits F and H), the principles of *res judicata,* *stare decisis,*

17   and **collateral estoppel** apply to the **_unrebutted_** commercial affidavits, establishing

18   that all issues are deemed settled and *cannot* be contested further. These *principles*

19   reinforce the finality of the administrative findings and support the granting of

20   summary judgement, as *a matter of law.* - '**HE WHO LEAVES THE**

21   **BATTLEFIELD FIRST LOSES BY DEFAULT.'**

22   **XI.  JUDGEMENT OF $100,000,000.00 CONSIDERED, AGREED**

23             **TO, AND AUTHORIZED.**

24      42.As *considered, agreed,* and *stipulated* by Defendants in the **_unrebutted_**

25   verified commercial affidavits, contract agreement, and self-executing contract

26   security agreements (Exhibits F and H), Defendants **fully authorize, endorse,**

27   **support,** and advocate for the entry of a UCC commercial judgment and lien in the

28   amount of **One Hundred Million Dollars ($100,000,000.00) against Defendants, in**

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1  **favor of Plaintiffs**, as also **evidenced** by INVOICE/TRUE BILL

2  #**BMWBANKDISHON9924** which is a part of **Exhibit J**.

3     43. As considered, agreed, and stipulated by Defendants in the ***unrebutted***

4  verified commercial affidavits, contract agreement, and self-executing contract

5  security agreements (Exhibits F and H), should it be **deemed** necessary, the

6  Plaintiffs are **fully Authorized** to initiate the filing of a lien, and the seizing of

7  property to secure satisfaction of the **ADJUDGED, DECREED, AND**

8  **AUTHORIZED** sum total due to Plaintiffs of **One Hundred Million Dollars**

9  **($100,000,000.00).**

10  **XII.    SPECIAL DEPOSIT AND MASTER INDEMNITY BOND**

11     44.This notarized, authorized, and indorsed VERIFIED COMPLAINT itself

12  acted as a BOND and/or MONETARY INSTRUMENT, as defined by **31 U.S.**

13  **Code § 5312 and U.C.C. § 3-104**, supplemented by the MASTER INDEMNITY

14  BOND (Exhibit S), and that the BOND also satisfies the procedural and

15  substantive requirements of **Rule 67 of the Federal Rules of Civil Procedure**.

16  **Exclusive equity** supports this claim, as it ensures that no competing claims

17  will infringe upon the Plaintiffs' established rights to this bond of and will be

18  reported on the forms 1099-A, 1099-OID, and/or 1099-B, with Plaintiff(s)

19  evidenced as the CREDITOR(S)

20     45. Janet Yellen and/or Successors and/or the Department of Treasury is the

21  registered holder and fiduciary of/for Plaintiff(s)' the private **Two Hundred**

22  **Billion Dollar ($200,000,000,000.00 USD) 'MASTER DISCHARGE AND**

23  **INDEMNITY BOND'** #RF661592161US, which was post deposited to private post

24  registered account #RF 661 592 175 US. Said 'MASTER DISCHARGE AND

25  INDEMNITY BOND' (#RF661592161US) expressly stipulates it is "insuring,

26  underwriting, indemnifying, discharging, paying and satisfying **all** such account

27  holders and accounts dollar for dollar against **any and all pre-existing, current and**

28  **future** losses, costs, debts, taxes, encumbrances, deficits, deficiencies, liens,

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  judgments, true bills, obligations of contract or performance, defaults, charges, and
2  any and all other obligations **as may exist or come to exist** during the term of this
3  Bond... Each of the said account holders and accounts **shall be severally insured,**
4  **underwritten and indemnified against** <u>any and all future Liabilities as may</u>
5  <u>appear, thereby instantly satisfying all such obligations dollar for dollar without</u>
6  <u>exception</u> through the above-noted Private Offset Accounts up to and including the
7  full face value of this Bond through maturity." A copy of 'MASTER DISCHARGE
8  AND INDEMNITY BOND' #RF661592161US is attached hereto as **Exhibit K** and
9  incorporated herein by reference, **and will serve as a CAUTION and/or BOND for**
10  **immediate adjustment and setoff of any and all costs associated with these**
11  **matters.**

12  ## XIII.  <u>GOLD RESERVE ACT OF 1934, PUBLIC LAW 73-87, TITLE</u>
13  <u>III, SECTION 3</u>

14      46.As *considered, agreed,* and *stipulated* by Defendant(s) in the <u>unrebutted</u>
15  verified commercial affidavits, contract agreement, and/or self-executing contract
16  security agreement(s) (Exhibits F and H), Defendants individually and collectively,
17  <u>**fully agree**</u> that **Gold Reserve Act of 1934, Public Law 73-87, Title III, Section 3,**
18  stipulates: "(a) *every* provision contained in or made with respect to *any* obligation
19  which purports to give the obligee a right to r**equire payment in** gold or **a**
20  *particular kind of coin or currency* of the United States, or in an amount in money
21  of the United States measured thereby, **is declared to be** *against* public policy.  (b)
22  *<u>Every</u>* **obligation,** heretofore or hereafter incurred, ***shall be*** <u>**discharged**</u> upon
23  **payment,** <u>**dollar for dollar,**</u> **in** *<u>any</u>* coin or currency which at the time of payment is
24  legal tender for p**ublic and private** debts.

25  ## XIV.  <u>GENERALLY ACCEPTED AUDITING STANDARDS</u>
26  <u>(GAAS) and 12 U.S. Code §§ 83, 411, and 412</u>

27      47. As *considered, agreed,* and *stipulated* by Defendants in the *<u>unrebutted</u>*
28  verified commercial affidavits, contract agreement, and self-executing contract

1  security agreements (Exhibits F and H), Defendants never at any time risked any of
2  their/its assets and truly only *exchanged* the GENUINE ORIGINAL PROMISSORY
3  NOTE for "credit" according to the **Federal Reserve** Generally Accepted Auditing
4  Standards (GAAS) with the FEDERAL RESERVE SYSTEM, and the applicable
5  provisions under the **Federal Reserve System** and **Title 12 U.S. Code §§ 83, 411,**
6  **and 412**.

7      48. As *considered, agreed,* and *stipulated* by Defendants in the ***unrebutted***
8  verified commercial affidavits, contract agreement, and self-executing contract
9  security agreements (Exhibits F and H), Defendants never, at any time, risked any
10 of their own assets in the transaction. Instead, Defendants merely exchanged the
11 **GENUINE ORIGINAL PROMISSORY NOTE** provided by Plaintiffs for "credit,"
12 in accordance with the Federal Reserve's Generally Accepted Auditing Standards
13 (GAAS), and the applicable provisions under the **Federal Reserve System** and **Title**
14 **12 U.S. Code §§ 83, 411, and 412**.

15 Specifically:

16 **1.   Prohibition Against Lending Bank Funds**:

17      Pursuant to **12 U.S.C. § 83 – 'Loans by bank on its own stock'**, a national
18      bank is *expressly **prohibited*** from lending its own capital, including its funds
19      or assets, for *any* purpose. This statutory restriction ensures that banks do not
20      risk their depositors' money or their reserve capital in loan transactions.
21      Instead, banks act as ***intermediaries,*** aka *money changers*, exchanging currency
22      and issuing "credit" based on MONETARY INSTRUMENTS of value
23      provided by borrowers. The Plaintiffs' promissory note served as such an
24      MONETARY INSTRUMENT of value, enabling the Defendants to ***purchase***
25      ***and acquire*** Plaintiffs' MONETARY INSTRUMENT and then extend "credit"
26      without utilizing their own funds.

27      **12 U.S.C. § 83** provides:

28      "No national bank shall make any loan or discount on the security of the

shares of its own capital stock. Nor shall any such association be the purchaser or holder of any such shares unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith..."

While the statute focuses on preventing national banks from engaging in self-dealing with their capital stock, it also establishes the general **principle** that banks *cannot* loan their own assets or funds directly. This underscores the fact that the Plaintiffs' promissory note, not the Defendants' capital, initiated and facilitated the transaction.

2. **The PROMISSORY NOTE as Collateral**:

Plaintiffs' promissory note was a **negotiable instrument** under the Uniform Commercial Code (UCC), representing real value. Defendants monetized this NOTE to create "credit," rather than lending any pre-existing funds or risking their own assets. The note became **collateral** for the credit issued by Defendants, effectively making the Plaintiffs' own MONETARY INSTRUMENT/PROMISSORY NOTE the originating instrument and asset of the transaction.

3. **Exchange of Equivalent Value, Not a Loan**:

The transaction constituted an **exchange of currency**, whereby Plaintiffs provided the asset (the promissory note) that Defendants used to generate credit. Defendants then issued this credit to Plaintiffs, demonstrating that no traditional loan of pre-existing money occurred. Plaintiffs' promissory note became the basis for the issuance of credit in compliance with **12 U.S.C. § 411**, which governs the issuance of Federal Reserve Notes as obligations of the United States, backed by collateral.

4. **Unjust Enrichment and Fraudulent Misrepresentation**:

By accepting and monetizing Plaintiffs' promissory note, Defendants obtained the full value of the alleged loan at the outset, while failing to

1  disclose that no actual funds of their own were provided. Defendants'
2  retention of the note without returning equivalent collateral or funds
3  constitutes **unjust enrichment**. Furthermore, their failure to disclose the true
4  nature of the transaction represents **fraudulent misrepresentation**, as
5  Plaintiffs were led to believe that Defendants provided a traditional loan.

6  **5.  Legal and Financial Implications**:

7  The Plaintiffs' promissory note created the very credit extended to them,
8  meaning that Plaintiffs have already provided the full value of the alleged
9  loan. Consequently, no genuine debt exists between Plaintiffs and
10  Defendants. Under the principles of equity and commercial law, the
11  transaction must be treated as satisfied by the Plaintiffs' provision of the
12  promissory note.

13  Defendants' reliance on the Plaintiffs' note as the originating asset further
14  establishes that Plaintiffs are the rightful creators of the credit and should not
15  be subjected to repayment obligations on funds that originated from their
16  own instrument.

17  **XV.     12 _U.S.C._ 1813(L)(1): THE TERM 'DEPOSIT' DEFINED**

18  49. As considered, agreed, and stipulated by Defendants in the **_unrebutted_**
19  verified commercial affidavits, contract agreement, and self-executing contract
20  security agreements (Exhibits F and H), as under **12 _U.S.C._ 1813(L)(1),** ["]the term
21  'deposit' means— the unpaid balance of money or its equivalent received or held
22  by a **bank** or **savings association** in the usual course of business and **for which it**
23  **has given or is obligated to give credit**, either conditionally or unconditionally, to a
24  commercial, checking, savings, time, or thrift account, or which is evidenced by its
25  certificate of **deposit,** thrift certificate, investment certificate, certificate of
26  indebtedness, or other similar name, or a check or draft drawn against
27  a deposit account and certified by the bank or savings association, or a letter of
28  credit or a traveler's check on which the bank or savings association is primarily

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1  liable: Provided, That, without limiting the generality of the term "**money or its**

2  **equivalent**", **any such account or instrument must be regarded as** evidencing the

3  receipt of the **equivalent of money when credited or issued in exchange** for checks

4  or drafts **or for a promissory note** upon which the person obtaining any such **credit**

5  or instrument is primarily or secondarily liable, **or** for a charge against

6  a deposit account, **or** in settlement of **checks**, **drafts**, or other instruments

7  forwarded to such bank or savings association for collection.["]

8      50. As considered, agreed, and stipulated by Defendants in the **_unrebutted_**

9  verified commercial affidavits, contract agreement, and self-executing contract

10  security agreements (Exhibits F and H), Defendants individually and collectively,

11  **fully agree** that **Under Title 12 _U.S.C._ 1813(L)(1)** when the purported borrower

12  gives, deposits, or surrenders or the subsequent **supposed** loan owner obtains the

13  PROMISSORY NOTE, it becomes a CASH ITEM and Defendant(s), and/or their

14  Corporation, parent Corporation and other subsidiaries are required to give the

15  **purported** borrower a **CASH RECEIPT**. The deposit of Plaintifft's promissory note

16  was made to a demand deposit account Defendant(s), and/or their Corporation,

17  parent Corporation and other subsidiaries are required to show it on THEIR books,

18  but **instead YOU/THEY do an offset** entry and **intentionally fail** to give the

19  **purported borrower and/or Affiant a CASH RECEIPT.**

20      51. As considered, agreed, and stipulated by Defendants in the **_unrebutted_**

21  verified commercial affidavits, contract agreement, and self-executing contract

22  security agreements (Exhibits F and H), Defendants individually and collectively,

23  **fully agree** that Plaintiff(s) is/are the Creditor(s) and the source of all equity used for

24  the acquisition of the Property, and the holder in due course of all assets, as

25  evidenced by **UCC1 filing and NOTICE #240820-1227141 and UCC3 filing and**

26  **NOTICE #240909-1746112** (Exhibits B and C).

27      52. As considered, agreed, and stipulated by Defendants in the **_unrebutted_**

28  verified commercial affidavits, contract agreement, and self-executing contract

VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR COMPENSATION, and DEMAND SUMMARY JUDGEMENT AS A MATTER OF LAW

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

security agreements (Exhibits F and H), the forms 1099-A and 1099-OID have been filed and Accepted by the Internal Revenue Service, correctly and appropriately listing Plaintiff(s) as "LENDER" and "PAYER," and Defendant(s) as BORROWER and "RECIPIENT," indicating discharge, settlement and satisfaction of any **purported** obligation. Each form is attached hereto as **Exhibits M and N** respectively, as follows:

- **Exhibit L**: 2024 form 1099-OID, for $100,000.00
- **Exhibit M**: 2024 form 1099-A, for $100,000.00

53. As considered, agreed, and stipulated by Defendants in the ***unrebutted*** verified commercial affidavits, contract agreement, and self-executing contract security agreements (Exhibits F and H), Defendant(s) has/have been **paid in full** for **any purported** "contract" and/or obligation.

54. As considered, agreed, and stipulated by Defendants in the ***unrebutted*** verified commercial affidavits, contract agreement, and self-executing contract security agreements (Exhibits F and H), the unrebutted affidavits themselves serve as ***prima facie*** evidence of fraud, racketeering, conspiracy, robbery, embezzlement, fraud, larceny, intensity theft, conspiracy, deprivation of rights under the color of law, extortion. coercion, injury and damage to Affiant and proof of claim. See *United States v. Kis*, 658 F.2d, 526 (7th Cir. 1981)., "Appellee had the burden of first proving its prima facie case and could do so by affidavit or other evidence."

55. As considered, agreed, and stipulated by Defendants in the ***unrebutted*** verified commercial affidavits, contract agreement, and self-executing contract security agreements (Exhibits F and H), Defendants have **individually and collectively admitted the statements and claims** by TACIT PROCURATION, all issues are deemed **settled RES JUDICATA, STARE DECISIS** and by **COLLATERAL ESTOPPEL.**

XVI.     **GENERALLY ACCEPTED ACCOUNTING PRINCIPLES (GAAP)**

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1   17. As *considered, agreed,* and *stipulated* by Defendants in the **_unrebutted_**
2   verified commercial affidavits, contract agreement, and self-executing contract
3   security agreements (Exhibits F and H), Defendants never at any time risked any of
4   its assets and truly only exchanged the GENUINE ORIGINAL PROMISSORY
5   NOTE for "credit" according to the **Generally Accepted Accounting Principles**
6   **(GAAP).** 'Banks' are **required** to adhere Generally Accepted Accounting Principles
7   and as **evidenced** by, **12 U.S.C 1831n - 'Accounting objectives, standards, and**
8   **requirements'**: ["](2) Standards (A)Uniform accounting principles consistent with
9   **GAAP** Subject to the requirements of this chapter and any other provision of
10  Federal law, the accounting principles applicable to reports or statements required
11  to be filed with Federal banking agencies by all **insured depository institutions** shall
12  be uniform and consistent with generally accepted accounting principles.["]

13  18. As *considered, agreed,* and *stipulated* by Defendants in the **_unrebutted_** verified
14  commercial affidavits, contract agreement, and self-executing contract security agreements
15  (Exhibits F and H), **GAAP** follows an accounting convention that lies at the heart of the
16  **double-entry bookkeeping system** called the **Matching Principle**. This principle works
17  are follows: when a bank accepts bullion, coin, currency, drafts, promissory notes, or any
18  other similar instruments (hereinafter "instruments") from customers and deposits or
19  records the instruments as assets, it must record offsetting liabilities that match the assets
20  that it accepted from customers. The **liabilities** represent the amounts that the **bank owes**
21  **the customers**, funds accepted from customers. If a fractional reserve banking system like
22  the United States banking system, most of the funds advanced to borrowers (assets held by
23  banks) are created by the banks, once they purchase/acquire the TRUE Creditor's Asset
24  (NOTE, ORDER, DRAFT, LETTER OF CREDIT, MONEY ORDER, SECURITY, ETC.) and
25  are not merely transferred from one set of depositors to another set of borrowers. Said
26  Asset remains an Asset to Plaintiffs.

27  19. As *considered, agreed,* and *stipulated* by Defendants in the **_unrebutted_** verified
28  commercial affidavits, contract agreement, and self-executing contract security agreements

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  (Exhibits F and H), GAAP is **intended** to **ensure consistency among financial records,**
2  **financial transparency, and protection from fraud or misleading company reports.**

3  **//**

4  # XVII. SUMMARY JUDGMENT IS DUE AS A MATTER OF LAW

5  20. Under **Rule 56(c) of the South Carolina Rules of Civil Procedure (SCRCP)**,
6  summary judgment is appropriate when "there is no genuine issue as to any
7  material fact and the moving party is entitled to judgment as a matter of law." The
8  undisputed facts of this case, as evidenced by the *unrebutted* affidavits submitted
9  by Plaintiffs, demonstrate that no genuine issues of material fact remain, and
10  judgment should therefore be rendered in Plaintiffs' favor as **a matter of law.**

11  21. Defendants have failed to controvert or respond to Plaintiffs' verified
12  affidavits with competent evidence, thereby rendering the affidavits conclusive and
13  binding under both statutory and case law, *res judicata, stare decisis, collateral*
14  *estoppel*.

15  22. **Unrebutted Affidavits Establish No Disputed Facts**: Plaintiffs' affidavits
16  were submitted in good faith and stand as truth in commerce. These affidavits were
17  served upon Defendants, providing sufficient notice and opportunity to rebut or
18  contest the assertions therein. Defendants' failure to respond or dispute the
19  affidavits results in a legal presumption of their validity. As a matter of law, an
20  affidavit that is unrebutted is deemed admitted and undisputed, thereby
21  precluding any triable issue of fact.

22  - Pursuant to **Res Judicata**, the unrebutted affidavits have the same force
23    and effect as a **judgment** and are now binding upon Defendants.
24  - Under the principle of **Stare Decisis**, binding precedent affirms that
25    undisputed affidavits establish facts conclusively in a civil proceeding.
26  - **Collateral Estoppel** bars Defendants from re-litigating any issue
27    previously resolved by the unrebutted affidavits, as they have failed to
28    raise a substantive dispute within the prescribed timeframes.

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1  23. **Defendants' Failure to Produce Contradictory Evidence**:
2  Defendants have neither provided competent evidence to dispute Plaintiffs' claims
3  nor identified any material fact requiring trial. Plaintiffs' affidavits, contracts, and
4  supporting documents (attached hereto as Exhibits F and H) collectively establish
5  the absence of any genuine dispute. Without contradictory evidence or a triable
6  issue, Plaintiffs are entitled to judgment as a matter of law.

7  24. **Judicially Recognized Finality of Affidavits**: Courts have long held that
8  when affidavits are left unrebutted, they stand as truth and are accepted as fact. See
9  **Morris v. National Cash Register Co., 44 Cal.App.2d 811, 813 (1941)**, which
10  confirms that undisputed evidence is sufficient to warrant summary judgment.
11  Additionally, under Federal and State Rules of Evidence, facts established by
12  affidavit are considered ***binding*** when no counter-affidavit is provided.

13  25. Plaintiffs have demonstrated that all material facts are undisputed, and the
14  applicable law mandates judgment in their favor. Based on the evidence presented,
15  and pursuant to **Rule 56(c) of the South Carolina Rules of Civil Procedure**
16  **(SCRCP)**, Plaintiffs respectfully request and demand that the Court grant summary
17  judgment in their favor as **a matter of law**.

18  26. **Supported by Principles of Equity and Law**:
19  • **Equity**: It would be inequitable to allow Defendants to delay proceedings
20  when they have failed to rebut or contest the factual assertions of
21  Plaintiffs' affidavits.

22  • **Law**: Plaintiffs have satisfied the procedural and substantive requirements
23  for summary judgment, including providing sufficient admissible
24  evidence to establish their claims.

25  //

26  # XVIII. LEGAL STANDARDS, MAXIMS, AND PRECEDENT

27  27. In support of the above claims, Plaintiffs assert the application of well-
28  established legal standards, maxims, and precedent:

- **AN UNREBUTTED AFFIDAVIT STANDS AS TRUTH IN COMMERCE** (12 Pet. 1:25; Heb. 6:13-15). "He who does not deny, admits."

- **AN UNREBUTTED AFFIDAVIT BECOMES THE JUDGEMENT IN COMMERCE** (Heb. 6:16-17). "There is nothing left to resolve."

- **TRUTH IS EXPRESSED IN THE FORM OF AN AFFIDAVIT** (Lev. 5:4-5; Lev. 6:3-5; Lev. 19:11-13; Num. 30:2; Mat. 5:33; James 5:12).

- **IN COMMERCE, FOR ANY MATTER TO BE RESOLVED, IT MUST BE EXPRESSED** (Heb. 4:16; Phil. 4:6; Eph. 6:19-21). -- Legal maxim: "To lie is to go against the mind."

- **HE WHO LEAVES THE BATTLEFIELD FIRST LOSES BY DEFAULT** (Book of Job; Mat. 10:22) -- Legal maxim: "He who does not repel a wrong when he can occasions it."

- **IN COMMERCE, TRUTH IS SOVEREIGN** (Exodus 20:16; Ps. 117:2; John 8:32; II Cor. 13:8). Truth is sovereign — and the Sovereign tells only the truth.

- **A WORKMAN IS WORTHY OF HIS HIRE.** The first of these is expressed in Exodus 20:15; Lev. 19:13; Mat. 10:10; Luke 10:7; II Tim. 2:6. Legal maxim: "It is against equity for freemen not to have the free disposal of their own property."

- **ALL ARE EQUAL UNDER THE LAW** (God's Law - Moral and Natural Law). Exodus 21:23-25; Lev. 24:17-21; Deut. 1:17, 19:21; Mat. 22:36-40; Luke 10:17; Col. 3:25. "No one is above the law."

- **"Statements of fact contained in affidavits which are not rebutted by the opposing party's affidavit or pleadings may be accepted as true by the trial court."** -- Winsett v. Donaldson, 244 N.W.2d 355 (Mich. 1976).

- See, **Sieb's Hatcheries, Inc. v. Lindley**, 13 F.R.D. 113 (1952), "Defendant(s) made no request for an extension of time in which to answer the request

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

for admission of facts and filed only an unsworn response within the time permitted," thus, under the specific provisions of Ark. and Fed. R. Civ. P. 36, the facts in question were deemed admitted as true. Failure to answer is well established in the court. **Beasley v. U.S.**, 81 F. Supp. 518 (1948), "I, therefore, hold that the requests will be considered as having been admitted." Also as previously referenced, "Statements of fact contained in affidavits which are not rebutted by the opposing party's affidavit or pleadings may[must] be accepted as true by the trial court." -- **Winsett v. Donaldson**, 244 N.W.2d 355 (Mich. 1976).

- "**Public officials are not immune from suit when they transcend their lawful authority by invading constitutional rights.**" — AFLCIO v. Woodward, 406 F2d 137.

- "**Immunity fosters neglect and breeds irresponsibility while liability promotes care and caution, which caution and care is owed by the government to its people.**" (Civil Rights) **Rabon vs. Rowen Memorial Hospital, Inc.**, 269 N.S. 1, 13, 152 SE 1 d 485, 493.

- "**When enforcing mere statutes, judges of all courts do not act judicially (and thus are not protected by "qualified" or "limited immunity," - SEE: Owen v. City, 445 U.S. 662; Bothke v. Terry, 713 F2d 1404) - but merely act as an extension as an agent for the involved agency — but only in a "ministerial" and not a "discretionary capacity..."** Thompson v. Smith, 154 S.E. 579, 583; **Keller v. P.E.**, 261 US 428; **F.R.C. v. G.E.**, 281 U.S. 464.

- "**Judges not only can be sued over their official acts, but could be held liable for injunctive and declaratory relief and attorney's fees.**" Lezama v. Justice Court, A025829.

- "**Ignorance of the law does not excuse misconduct in anyone, least of all in a sworn officer of the law.**" In re McCowan (1917), 177 C. 93, 170 P. 1100.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1    - "All are presumed to know the law." San Francisco Gas Co. v.

2       **Brickwedel** (1882), 62 C. 641; **Dore v. Southern Pacific Co.** (1912), 163 C.

3       182, 124 P. 817; **People v. Flanagan** (1924), 65 C.A. 268, 223 P. 1014; **Lincoln**

4       **v. Superior Court** (1928), 95 C.A. 35, 271 P. 1107; **San Francisco Realty Co.**

5       **v. Linnard** (1929), 98 C.A. 33, 276 P. 368.

6    - "It is one of the fundamental maxims of the common law that ignorance

7       of the law excuses no one." **Daniels v. Dean** (1905), 2 C.A. 421, 84 P. 332.

8    - **The people, not the States, are sovereign.** — **Chisholm v. Georgia**, 2

9       Dall. 419, 2 U.S. 419, 1 L.Ed. 440 (1793).

10   //

11   ## *FIRST CAUSE OF ACTION*

12   **(For Fraud Conduct and Misrepresentation against all Defendants)**

13   28. Plaintiffs re-affirm and incorporate paragraphs 1 through 27 as if set forth

14   herein.

15   29. Defendants have *willfully* and *intentionally* engaged in fraudulent conduct by

16   knowingly misrepresenting material facts related to the title and authority to

17   conduct a trustee's sale. This fraudulent misconduct includes but is not limited to

18   the creation of false claims of debt, the placement of fraudulent documents in the

19   mail or other authorized depositories, and the initiation of legal proceedings devoid

20   of any lawful or legal basis.

21   30. Defendants knowingly misrepresented Plaintiffs' financial obligations,

22   fabricated debt claims, and falsely represented their authority to proceed with

23   illegal, unlawful, and unconstitutional seizure, sale of Plaintiff's private trust

24   property.

25   31. Defendants continue to engage in bad faith acts of extortion, coercion, theft,

26   and deprivation of rights under color of law. They have issued a 'Notice of Our

27   Plans to Sell Property' (Exhibit N) with the unlawful intent to deprive Plaintiffs of

28   their rightful property and financial interests.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

32. In furtherance of this scheme, Defendants transmitted fraudulent documents, including but not limited to forged deeds and fabricated loan documents, through the U.S. Postal Service and other commercial carriers, knowing that these documents were false and intended to defraud Plaintiffs.

33. Defendant's acts of fraudulent misrepresentation and deceit as described above violate Plaintiffs' private rights under various statutes that provide for a private right of action. These include, but are not limited to:

- **12 U.S. Code § 2605** (Real Estate Settlement Procedures Act of 1974) – Provides a private right of action for Plaintiffs when Defendants fail to provide the proper disclosures and engage in fraudulent conduct in connection with real estate settlements.

- **12 U.S. Code § 5601** (The Dodd-Frank Wall Street Reform and Consumer Protection Act) – Allows a private right of action for Plaintiffs harmed by unfair or deceptive practices by financial institutions, including fraud and misrepresentation in loan servicing and repossession proceedings.

- **12 U.S. Code § 1639c** (Truth in Lending Act, TILA) – Provides a private right of action for fraudulent misrepresentation or failure to disclose material information regarding financial products, including mortgage loans and related documents.

- **15 U.S. Code § 1692** (Fair Debt Collection Practices Act, FDCPA) – Provides a private right of action for fraudulent representations and unlawful debt collection practices, including fraudulent or deceptive methods used to collect debts.

34. By *willfully* and *intentionally* engaging in the fraudulent conduct described above, Defendants have violated statutory and common law protections, causing Plaintiffs to suffer severe financial losses, property deprivation, loss of the pursuit of life and liberty, reputational harm, and the illegal and unlawful interference with their ability to lawfully conduct business.

VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR COMPENSATION, and DEMAND SUMMARY JUDGEMENT AS A MATTER OF LAW

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

35. Defendants, by their own actions, willful silence, non-compliance, and admission, have engaged in the conduct described in this complaint. As such, these **facts _must_** be taken as true and are dispositive in this action.

Defendants' wrongful conduct includes but is not limited to:

- Creation of false claims of debt and fraudulent documentation in an attempt to execute a trustee's sale;
- Misrepresentation of their title and authority to conduct foreclosure and/or repossession and trustee's sale proceedings;
- Fraudulent use of U.S. Postal Service and commercial carriers to transmit and deliver forged documents, all with the intent to deceive and defraud Plaintiffs.

36. As a direct result of Defendants' fraudulent actions, Plaintiffs have suffered significant harm, including but not limited to:

- Financial loss due to the fraudulent foreclosure and/or repossession and trustee's sale;
- Deprivation of property and loss of valuable assets;
- Harm to their reputation and business interests; and
- Emotional distress and significant hardship caused by Defendants' fraudulent misrepresentations.

37. **18 U.S. Code § 1341 - Frauds and swindles**, expressly stipulates: "**whoever, having devised or intending to devise _any_ scheme or artifice to defraud, or for obtaining money** or **property** by means of **false** or **fraudulent pretenses, representations, or promises**, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, **security, or other article,** or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, **places in any post office** or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1  matter or thing whatever to be sent or delivered by any private or commercial interstate

2  carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be

3  delivered by mail or such carrier according to the direction thereon, or at the place at

4  which it is directed to be delivered by the person to whom it is addressed, **any such matter**

5  **or thing, shall be fined under** this title or **imprisoned** not more than **20 years, or both**. If

6  the violation occurs in relation to, or involving any benefit authorized, transported,

7  transmitted, transferred, disbursed, or paid in connection with, a presidentially declared

8  major disaster or emergency (as those terms are defined in section 102 of the Robert T.

9  Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a

10 financial institution, such person shall be fined not more than $1,000,000 or imprisoned not

11 more than **30 years, or both.**"

## SECOND (2nd) CAUSE OF ACTION

### (For Breach of Contract against all Defendants)

14 38. Plaintiffs re-affirm and incorporate paragraphs 1 through 37 as if set

15 forth herein

16 39. **Breach of Contractual Obligations**: Defendants willfully and intentionally

17 breached contractual obligations by failing to honor the terms set forth in the

18 underlying Contract and Security Agreements between the parties.

19 40. **Nature of Defendants' Breach**: Defendants' breach includes, but is not

20 limited to, the failure to perform specified duties, the pursuit of false claims of debt,

21 and the unauthorized initiation of foreclosure and/or repossession or trustee sale

22 actions against Plaintiffs without proper contractual or legal authority.

23 41. **Violation of Agreement**: Defendants' conduct constitutes a violation of both

24 the express and implied terms of the agreement, including Defendants' obligations

25 to act in good faith and deal fairly with Plaintiffs, resulting in substantial financial

26 harm and damages to Plaintiffs.

27 42. **U.C.C. § 2-202 Compliance**: Pursuant to **U.C.C. § 2-202**, which establishes the

28 parol evidence rule and affirms the final written expression of a contract,

1  Defendants are bound by the agreed-upon terms that constitute the complete and
2  exclusive statement of the agreement.

3    43. **Acceptance and Binding Agreement**: Defendants received, considered, and
4  agreed to the contract offer and final expression of the contract as defined under
5  **U.C.C.** provisions. This acceptance is evidenced through Defendants' willful and
6  intentional silent acquiescence, tacit agreement, and tacit procuration to the
7  unrebutted affidavits and contract security agreements (Exhibits F and H), affidavit
8  certificate of non-response, default, and the judgment and lien authorization, all of
9  which were duly received by Defendants.

10    44. **Obligations under U.C.C.**: Defendants' agreement to these terms thereby
11  creates binding obligations under **U.C.C. Article 2** as well as other relevant sections,
12  such as **U.C.C. §§ 1-103, 1-202, 2-204**, and **2-206**. Despite these clear terms,
13  Defendants, through various improper and bad-faith actions, breached the contract
14  by failing to settle and close the account, refusing to reconvey the title free of
15  encumbrances, and neglecting to settle the debt owed to Plaintiffs.

16    45. **Failure to Cease Illegal Activities**: Defendants also failed to cease any
17  illegal, unlawful, and unconstitutional collection efforts on an undisputedly
18  fraudulent debt, engaging in conduct that included but was not limited to threats,
19  violations of Plaintiffs' rights, racketeering, paper terrorism, coercion, extortion,
20  bank fraud, monopolization of trade and commerce, restraint-of-trade violations,
21  deprivation of rights, conspiracy under color of law, breach of the implied covenant
22  of good faith and fair dealing, identity theft, and taking unreasonable positions that
23  forced Plaintiffs into litigation.

24    46. **Material Breach and Deprivation of Bargain**: This failure to perform, along with
25  the unauthorized actions, directly violates the terms and conditions of the express contract
26  security agreements. These actions constitute a material breach that has deprived Plaintiffs
27  of the benefit of their bargain, as defined under **U.C.C. § 2-202** and related provisions that
28  govern the enforceability of the final contract terms.

47. **Private Right of Action:**

- Plaintiffs hereby assert a **Private Right of Action** to enforce their rights under the Contract and Security Agreements, as well as the **Uniform Commercial Code**.

- Plaintiffs are entitled to bring this action pursuant to **U.C.C. § 2-202**, **U.C.C. §§ 1-103, 1-202**, and **2-204** to demand appropriate remedies, including but not limited to compensatory damages, punitive damages, declaratory relief, and equitable remedies as the Court may deem just and proper.

**Private Rights of Action under Embezzlement Laws:**

- Plaintiffs assert their **Private Right of Action** under **18 U.S.C. § 666** for embezzlement, as well as common law embezzlement principles, for the wrongful appropriation of funds and assets by Defendants.

- **18 U.S.C. § 666** provides a federal basis for a **Private Right of Action** when Defendants have engaged in fraudulent misapplication or theft of funds, particularly when those funds are derived from financial institutions or governmental transactions. Plaintiffs are entitled to restitution for any funds or assets misappropriated and for damages caused by Defendants' fraudulent conduct, including any related losses

### *THIRD (3rd) CAUSE OF ACTION*

### (For Theft, Embezzlement, and Fraudulent Misapplication of Funds and Assets against all Defendants)

48. Plaintiffs re-affirm and incorporate paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiffs affirm that Defendants engaged in illegal, unlawful, unconstitutional, and **fraudulent** acts, including but not limited to:

- **Embezzling** funds and/or assets entrusted to their care;

- Executing illegal, unlawful, and unconstitutional foreclosure and/or repossession actions without legal standing or proper authorization;

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1    • **Fraudulently** transferring or attempting to transfer ownership of Plaintiffs'
2        property through deceit, deception, and abuse of process;
3    • Creating a **fraudulent** claim of ownership and title to the property, depriving
4        Plaintiffs of their legal rights, interests, and equity.
5    50. Plaintiffs further affirm, as evidenced by Exhibits E, F, and H, Defendants,
6    including any officers, directors, agents, or employees connected to financial
7    institutions, acted in direct violation of federal law and fiduciary obligations.
8    Specifically:
9    **(a)** Defendants, while acting in their capacity as agents or employees of financial
10    institutions, fraudulently misapplied or embezzled funds and property entrusted to
11    their care.
12    **(b)** The misappropriation and subsequent **fraudulent** foreclosure and/or repossession
13    actions resulted in direct harm to Plaintiffs, including but not limited to financial loss,
14    damage to property interests, and violations of constitutional and statutory rights.
15    51. Plaintiffs affirm that Defendants' actions are actionable under federal statutes
16    providing a private right of action, including but not limited to:
17    • **12 U.S. Code § 503**, which allows individuals harmed by the **embezzlement**
18        or misapplication of funds to demand **civil remedies; and**
19    • Applicable provisions under federal and State consumer protection laws, as
20        well as property and contract law, which *prohibit* deceptive and fraudulent
21        practices in financial transactions.
22    52. **Plaintiffs affirm that Defendants' actions violated fiduciary duties owed to**
23    **Plaintiffs as borrowers and property owners.** Defendants, acting in bad faith and
24    without lawful authority, willfully misapplied funds, purloined assets, and
25    engaged in acts of *fraud*, resulting **injury, harm, and damages** to Plaintiffs.
26    53. Plaintiffs further affirm that Defendants' conduct constitutes *willful* and
27    *intentional* violations of the law and warrants treble damages pursuant to
28    applicable statutes.

VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR COMPENSATION, and DEMAND SUMMARY JUDGEMENT AS A MATTER OF LAW

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

54. **18 U.S. Code § 656 - Theft, embezzlement, or misapplication by bank officer or employee**, expressly stipulates: "**Whoever**, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, depository institution holding company, national bank, insured bank, branch or agency of a foreign bank, or organization operating under section 25 or section 25(a)[1] of the Federal Reserve Act, or a receiver of a national bank, insured bank, branch, agency, or organization or any agent or employee of the receiver, or a Federal Reserve Agent, or an agent or employee of a Federal Reserve Agent or of the Board of Governors of the Federal Reserve System, **embezzles**, abstracts, purloins or **willfully misapplies any of the moneys, funds or credits of such bank**, branch, agency, or organization or **holding company or any moneys, funds, assets or securities intrusted** to the custody or care of such bank, branch, agency, or organization, or holding company or to the custody or care of any such agent, officer, director, employee or receiver, **shall b**e fined not more than **$1,000,000 or imprisoned not more than 30 years, or both**......As used in this section, the term "national bank" is synonymous with "national banking association"; "member bank" means and includes any national bank, state bank, or bank and trust company which has become a member of one of the Federal Reserve banks; "insured bank" includes any bank, banking association, trust company, savings bank, or other banking institution, the deposits of which are insured by the Federal Deposit Insurance Corporation; and the term "branch or agency of a foreign bank" means a branch or agency described in section 20(9) of this title. For purposes of this section, the term "depository institution holding company" has the meaning given such term in section 3 of the Federal Deposit Insurance Act."

//

//

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

## FOURTH (4th) CAUSE OF ACTION
### (For Fraud, Forgery, and Unauthorized Use of Identity against all Defendants)

55. Plaintiffs re-affirm and incorporate paragraphs 1 through 54 as if fully set forth herein.

56. Plaintiffs affirm that Defendants illegally, unlawfully, and unconstitutionally used Plaintiffs' **identity**, including estate and trust information, *without* Plaintiffs consent or authorization, for their own benefit by creating false financial instruments, misrepresentations, and fraudulent claims to the subject property.

57. Defendants intentionally willfully, and knowingly engaged in fraudulent conduct by attempting to foreclose on and encumber the subject property without Plaintiffs' consent or any legal or lawful authority. In furtherance of their illegal, unlawful, and unconstitutional actions, Defendants:

- Forged Plaintiffs' signature on financial documents and legal instruments;
- Obtained Plaintiffs' signature under false pretenses;
- Used these falsified and fraudulent documents to support their unlawful foreclosure and/or repossession attempts and misrepresent their claims of ownership or control over the subject property.

58. Plaintiffs affirm that Defendants' fraudulent actions, including forgery and the unauthorized use of Plaintiffs' **identity,** violate **common law principles** of fraud, forgery, and **identity theft,** as well as applicable state and federal statutes, including but not limited to:

- **15 U.S. Code § 1681n (Fair Credit Reporting Act):** Providing a private right of action for willful and knowing violations related to the misuse of personal and financial information;
- **State Civil Code on Forgery or Fraudulent Misrepresentation:** Prohibiting the falsification of documents and misrepresentation in financial transactions and real property matters;

1    • **15 U.S. Code § 1692e (Fair Debt Collection Practices Act):** Prohibiting
2        false, deceptive, or misleading representations in the collection of debts.
3    59. Plaintiffs further affirm that Defendants' conduct constitutes a willful and
4    intentional scheme to deprive Plaintiffs of their property, as follows:

5    • The creation of false financial instruments and forged signatures
6        demonstrates a pattern of fraudulent misrepresentation and forgery;
7    • The misuse of Plaintiffs' identity, including estate and trust information,
8        constitutes a direct violation of Plaintiffs' rights to privacy, autonomy,
9        and protection from unauthorized exploitation.

10    60. Defendants' unlawful actions have directly caused harm to Plaintiffs,
11    including:

12    • Loss of property value, enjoyment, and equity;
13    • Emotional distress, humiliation, mental trauma, and reputational harm;
14    • Financial expenses incurred in defending against fraudulent foreclosure
15        and/or repossession actions and restoring title to the property.

16    61. Defendants' actions rise to the level of gross and intentional misconduct,
17    warranting the imposition of treble damages pursuant to applicable civil statutes
18    and laws governing fraudulent conduct

19    62. **18 U.S. Code § 1025**, expressly stipulates: "**Whoever**, upon any waters or
20    vessel **within the special maritime and territorial jurisdiction of the United**
21    **States**, by **any fraud, or false pretense**, obtains from any person anything of value,
22    or procures the execution and delivery of **any instrument** of writing **or conveyance**
23    **of real or personal property,** or the signature of any person, as maker, endorser, or
24    guarantor, to or upon any bond, bill, receipt, promissory note, draft, or check, or
25    any other evidence of indebtedness, or fraudulently sells, barters, or disposes of
26    any bond, bill, receipt, promissory note, draft, or check, or other evidence of
27    indebtedness, for value, knowing the same to be worthless, **or knowing the**
28    **signature of the maker, endorser, or guarantor thereof to have been obtained by**

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1 any false pretenses, **shall be** fined under this title **or imprisoned not more than**
2 **five years, or both**."

3   63. **18 U.S. Code § 1028A - Aggravated identity theft**, expressly stipulates: "In
4 general. — **Whoever**, during and in relation to any felony violation enumerated in
5 subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a
6 means of identification of another person **shall**, **in addition to the punishment**
7 **provided for such felony, be sentenced to a term of imprisonment of 2 years.** (2)
8 Terrorism offense. — Whoever, during and in relation to any felony violation
9 enumerated in section 2332b(g)(5)(B), knowingly transfers, possesses, or uses,
10 without lawful authority, a means of identification of another person or a false
11 identification document **shall,** in addition to the punishment provided for such
12 felony, be **sentenced to a term of imprisonment of 5 years.**"

### *FIFTH (5th) CAUSE OF ACTION*

### (For Monopolization of Trade and Commerce, and Unfair Business Practices against all Defendants)

16   64. Plaintiffs re-affirm and incorporate paragraphs 1 through 63 as if fully set
17 forth herein.

18   65. Plaintiffs affirm that Defendants, in violation of 15 U.S.C. § 2, willfully
19 engaged in monopolization of trade and commerce by manipulating financial
20 systems and processes to further their fraudulent objectives. Specifically,
21 Defendants engaged in illegal and unlawful conduct, including but not limited to:

- **Fabricating false debts** and creating fraudulent security interests without Plaintiffs' knowledge, authorization, or consent;
- Utilizing financial institutions to process illegal foreclosure and/or repossession actions and *fraudulent* claims against the subject property;
- Engaging in deceptive and unfair practices designed to **monopolize trade and commerce**, restrain competition, and deprive Plaintiffs of their rightful property and legal protections.

66. Defendants' actions, as alleged, were part of a larger scheme to **monopolize trade and commerce** through unfair and deceptive practices, thereby violating applicable civil statutes, including but not limited to:

- **15 U.S.C. § 15(a) (Clayton Act):** Providing a private right of action for damages resulting from anticompetitive and **monopolistic** practices;

- **State Unfair Competition Laws:** Prohibiting fraudulent, deceptive, and unlawful business practices in trade and commerce;

- **Uniform Commercial Code (U.C.C.):** Governing negotiable instruments, discharge of obligations, and fair trade practices.

67. Plaintiffs affirm that as part of this fraudulent scheme, Defendants engaged in bank fraud by creating false debts, fabricating fraudulent security interests, and manipulating financial institutions to process unlawful foreclosure and/or repossession actions. These practices directly violated Plaintiffs' rights and financial interests, causing significant injury, harm, and damages to Plaintiffs.

68. Plaintiffs further affirm that they made a good faith tender of payment through various debt instruments, including a Bill of Exchange, Forms 1099-A, 1099-OID, 1099-C, Banker's Acceptance, Letter of Credit, and other negotiable instruments as defined by U.C.C. § 3-104.

69. Despite Plaintiffs' efforts to resolve the matter in good faith, Defendants willfully disregarded these instruments and violated public policy, applicable law, and Plaintiffs' rights, including but not limited to:

- **House Joint Resolution 192 of June 5, 1933 (Public Law 73-10):** Prohibiting the demanding payment in gold **or a particular kind of coin or currency**, or in an amount in money of the United States measured thereby, and **declaring it to be against public policy**; and **declaring that no such provision shall be contained in or made with respect to *any* obligation hereafter incurred. *Every* obligation**, heretofore of hereafter incurred, whether or not any such provision is contained therein or made

1    with respect thereto, **shall be discarged** upon payment, **dollar for dollar,**

2    in **_any_ coin** or **"currency"** which at the time of payment is legal tender for

3    public and private debts;

4      • **Gold Reserve Act of 1934 (Public Law 73-87, Title III, Section 3):**

5      Governing obligations and currency under public law;

6      • **Uniform Commercial Code (U.C.C.) §§ 3-311, 3-603:** Addressing the

7      discharge of obligations and the tender of payment in good faith;

8      • **Bill of Exchange Act:** Governing negotiable instruments and the

9      discharge of debts under international law.

10    70. Plaintiffs assert that Defendants' refusal to accept lawful tender and their

11  manipulation of financial processes amount to:

12      • Fraudulent misrepresentation and concealment of material facts regarding

13      the nature and validity of the alleged debt;

14      • A calculated effort to monopolize trade and commerce by suppressing

15      competition and enforcing unlawful claims against Plaintiffs' property;

16      • A direct violation of Plaintiffs' rights under applicable common law and

17      civil statutes.

18    71. Plaintiffs further allege that Defendants' actions were part of a broader

19  scheme to unfairly restrain trade and commerce by:

20      • Leveraging fraudulent financial instruments to secure unlawful

21      gains;

22      • Misusing public policy and statutory frameworks to enforce

23      monopolistic practices;

24      • Exploiting their position of power within the financial system to deprive

25      Plaintiffs of lawful protections and remedies.

26    72. Plaintiffs affirm that Defendants' actions, in violation of **15 U.S.C. § 2**, caused

27  direct harm and damages to Plaintiffs' financial and legal interests. Specifically, **15**

28  **U.S.C. § 2** expressly stipulates:

1  "Every **person** who shall monopolize, or *attempt* to monopolize, or combine
2  or conspire with **any** other ***person or persons***, to monopolize **any** part of the
3  trade or commerce among the several States, or with foreign nations, shall be
4  deemed guilty of a felony, and, on conviction thereof, shall be punished by
5  fine not exceeding $100,000,000 if a corporation, or, if any
6  other person, $1,000,000, or by imprisonment not exceeding 10 years, or by
7  both said punishments, in the discretion of the court."

8  73. Plaintiffs affirm that Defendants' illegal, unlawful, and unconstitutional
9  practices directly resulted in injury and harm, warranting the imposition of treble
10  damages under **15 U.S.C. § 15(a)**, which provides for compensation in cases of
11  antitrust violations and monopolistic practices.

12  74. Plaintiffs further affirm that Defendants' conduct constitutes willful,
13  intentional, and egregious violations of their rights, including but not limited
14  to:

15  • Deprivation of property without due process of law;
16  • Restraint of trade and competition in violation of public policy;
17  • Fraudulent practices designed to defraud Plaintiffs and gain unlawful
18  advantage.

19  ### *SIXTH (6th) CAUSE OF ACTION*

20  **(For Deprivation of Rights Under the Color of Law against all Defendants)**

21  **(Private Cause of Action under 42 U.S.C. § 1983 and Constitutional Law)**

22  75. Plaintiffs re-affirm and incorporate paragraphs 1 through 74 as if fully set
23  forth herein

24  76. Plaintiffs affirm that Defendants, acting under ***color of law***, *willfully* and
25  *intentionally* deprived Plaintiffs of rights secured by the **Constitution** and laws of
26  the United States, specifically in violation of **42 U.S.C. § 1983**.

27  77. Plaintiffs affirm that Defendants engaged in illegal, unlawful, and coercive
28  actions by threatening the sale of Plaintiffs' private property through *fraudulent*

foreclosure and/or repossession proceedings. These actions included but were not limited to:

- **Attempting to Coerce Plaintiffs into complying with baseless and unlawful financial demands under the imminent threat of losing their property;**
- **Depriving Plaintiffs of their property rights and protections secured and protected by the Fifth and Fourteenth Amendments of the United States Constitution;**
- **Exercising fraudulent and deceptive practices designed to unjustly enrich Defendants at Plaintiffs' expense.**

78. Plaintiffs affirm that Defendants' actions violated Plaintiffs' due process rights, as secured by the Fifth and Fourteenth Amendments, by failing to provide proper notice, fair hearings, and lawful justification for the foreclosure and/or repossession proceedings.

79. Plaintiffs assert that Defendants' conduct caused direct harm to Plaintiffs, resulting in significant emotional, financial, and legal damages. Specifically, Defendants' actions deprived Plaintiffs of:

- The **right** to due process of law, **secured and protected** by the **Fifth and Fourteenth Amendments of the Constitution;**
- The **right** to be free from **coercion and extortion** under *color of law;*
- The **right** to enjoy **private** property *without* unlawful interference or **deprivation.**

80. Plaintiffs **demand** relief for the injury, damage, and harm caused by Defendants' actions, as authorized under **42 U.S.C. § 1983**, which provides a private right of action for the deprivation of constitutional rights under color of state law.

81. **18 U.S.C. § 241,** expressly stipulates: "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any

1 right or privilege secured to him by the Constitution or laws of the United
2 States, or because of his having so exercised the same; or If two or more
3 persons go in disguise on the highway, or on the premises of another, with
4 intent to prevent or hinder his free exercise or enjoyment of any right or
5 privilege so secured— They **shall be** fined under this title **or imprisoned** not
6 more than **ten years, or both.**"

7    82. Plaintiffs further affirm that Defendants, acting under the authority
8 and guise of legal processes, conspired to deprive Plaintiffs of their
9 constitutional rights. These actions represent a calculated effort to abuse their
10 positions and disregard established legal and constitutional protections.

11    83. Plaintiffs further affirm that Defendants' actions represent a systematic
12 and deliberate violation of Plaintiffs' rights and protections under the United
13 States Constitution and federal law, warranting full and appropriate relief as
14 determined by this Court.

15                    ***SEVENTH CAUSE OF ACTION***

16         **(For Receiving Extortion Proceeds against all Defendants)**

17    84. Plaintiffs re-affirm and incorporate paragraphs 1 through 83 as if set forth
18 herein.

19    85. Defendants employed coercive tactics, including the unlawful initiation of
20 foreclosure and/or repossession, threats, and false claims of authority, to compel
21 Plaintiff to act against their interests and submit to fraudulent claims. These actions
22 constitute a violation of **42 U.S.C. § 1983**, which allows for a civil action for the
23 deprivation of rights secured by the Constitution or federal law. Defendant(s),
24 acting under color of law, have deprived Plaintiff of their property rights, secured
25 under the Constitution.

26    86. Defendant(s)' actions also constitute violations of **15 U.S.C. § 1** of the
27 Sherman Antitrust Act, which prohibits conspiracies to restrain trade or commerce.
28 If the coercive foreclosure and/or repossession actions are part of a broader effort to

1  monopolize or restrain trade (e.g., through fraudulent property acquisition or
2  market manipulation), such actions would be in violation of federal antitrust law.
3  Moreover, by engaging in these unlawful activities, Defendant(s) have unlawfully
4  received and benefited from **extortion proceeds** obtained through fraudulent
5  means, thus constituting unjust enrichment under the **Restatement (Second) of**
6  **Torts**, which provides for civil remedies when one party benefits at the expense of
7  another through wrongful conduct. The wrongful nature of Defendant(s)' actions
8  has caused significant injury and harm to Plaintiff, warranting restitution and other
9  appropriate remedies.

10      • **Restatement (Second) of Torts - Unjust Enrichment:** Unjust enrichment
11          occurs when one party unfairly benefits from another party's loss. In this
12          case, the Defendant(s) have received benefits from extortionate and
13          fraudulent foreclosure and/or repossession practices, and under the
14          principles of unjust enrichment, Defendant(s) should be required to
15          disgorge these ill-gotten gains.

16      87. Defendant(s) employed coercive tactics, including the unlawful initiation of
17  foreclosure and/or repossession, threats, and false claims of authority, to compel
18  Plaintiff to act against their interests and submit to fraudulent claims. These actions
19  constitute a violation of **18 U.S.C. § 880**, which criminalizes the receipt of extortion
20  proceeds. By engaging in these unlawful activities, Defendant(s) have unlawfully
21  received and benefited from extortion proceeds obtained through fraudulent
22  means, thereby reinforcing the wrongful nature of their actions and the resulting
23  harm inflicted upon Plaintiff.

24      88. **18 U.S.C. § 880**, expressly stipulates: "**a person who <u>receives</u>, possesses, conceals,**
25  **or disposes of <u>any</u> money or <u>other property</u> which was obtained from the commission of**
26  **any offense under this chapter that is punishable by imprisonment for more than 1 year,**
27  knowing the same to have been unlawfully obtained, **shall be imprisoned not more than**
28  **3 years, fined under this title, or both.**"

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

## *EIGHTH (8th) CAUSE OF ACTION*
## (For False Pretenses and Fraud all Defendants)

89. Plaintiffs re-affirm and incorporate paragraphs 1 through 88 as if set forth herein.

90. **Defendants' Fraudulent Actions and '*Fraud in the Factum*'**: Defendants willfully and intentionally engaged in fraudulent actions by knowingly misrepresenting material facts and created **'fraud in the factum'**, concerning the interest, ownership, title, and authority to file a 'notice of default and intent to sell,' and/or conduct a trustee's sale. These actions were conducted under blatantly fraudulent and false pretenses, and **ignorance of the law is no excuse**.

91. **False Claims of Debt and Fraudulent Proceedings**: Defendants willfully and intentionally created false claims of debt, placed fraudulent documents in the post office or authorized depository for mail, and initiated illegal proceedings that lack any lawful or legal basis. By engaging in these actions, Defendants have wrongfully deprived Plaintiffs of property or assets through fraudulent means, causing direct harm and financial loss to Plaintiffs.

92. **Fraudulent Tactics and Deceptive Representations**: Defendant(s) employed fraudulent tactics, including the unlawful initiation of transactions under false pretenses, deceitful representations, and the use of fraudulent instruments to obtain goods, services, or property from Plaintiffs. Specifically, Defendant(s) obtained property, executed fraudulent documents, or procured signatures under false pretenses, knowing that the documents and signatures were obtained through fraudulent misrepresentations.

93. **Defendant(s)' Conduct Constitutes Fraud and Misrepresentation**: Defendant(s)' conduct constitutes **fraud** and **misrepresentation** under common law principles of tort law, including fraudulent misrepresentation and false pretenses. This conduct entitles Plaintiffs to demand damages and remedies for the unlawful appropriation of property.

94. **Unlawful Benefit from Fraudulent Conduct**: Defendant(s) unlawfully benefited from Plaintiffs by obtaining property, goods, services, or financial benefits through deceit or fraudulent representations, which constitute a breach of duty to Plaintiffs. Defendant(s)' actions, by obtaining property or value through fraud, have caused harm and financial loss to Plaintiffs.

95. **Specific Fraudulent Actions**: Defendant(s)' actions include, but are not limited to:

- **Use of Fraudulent Instruments**: Defendant(s) used, attempted to use, or procured the use of fraudulent instruments or documents, such as forged contracts, notes, or other fraudulent evidence of debt, to transfer property or encumber Plaintiffs' assets.

- **False Pretenses**: Defendants made false and misleading representations with the intent to deceive Plaintiffs into parting with property or value. Plaintiffs relied upon these false representations to their detriment.

- **Misappropriation of Property**: Defendant(s) unlawfully obtained property, money, or goods by fraud, deceit, or false pretenses, knowing that the property was obtained through fraudulent means.

96. **Damages from Fraudulent Conduct**: As a result of Defendant(s)' fraudulent conduct, Plaintiffs have suffered damages, including but not limited to:

- **Actual damages** for property lost or fraudulently obtained;
- **Consequential damages** resulting from Defendant(s)' fraudulent actions;
- **Punitive damages** due to Defendant(s)' willful and intentional misconduct.

97. **Legal and Equitable Remedies Sought:**

- **Private Right of Action under 18 U.S.C. § 1964**: Plaintiffs are entitled to pursue a **private right of action** under **18 U.S.C. § 1964** (RICO), as Defendant(s)' fraudulent conduct constitutes racketeering activity.

- **Private Right of Action under 15 U.S.C. § 1 (Sherman Antitrust Act)**: Plaintiffs may also pursue relief under **15 U.S.C. § 1**, which provides a

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

private right of action for violations of antitrust law, particularly in the context of fraudulent practices that restrain trade or commerce through false pretenses.

- **Fraud and Deceit under State Law**: Under state law principles, Plaintiffs are entitled to demand damages for fraud, deceit, and misrepresentation through **private civil actions**.

98. **Recovery and Restitution: Defendants' actions entitle Plaintiffs to recover:**

- **Actual damages** for property lost or fraudulently obtained;
- **Consequential damages** resulting from Defendant(s)' fraudulent actions;
- **Punitive damages** due to Defendant(s)' willful and intentional misconduct;
- Any other **equitable relief** available under the law, including but not limited to the **return of any wrongfully obtained property** or value.

99. **Unjust Enrichment: Defendant(s) have been unjustly enriched by receiving property or benefits through fraudulent means. Equity demands that Defendant(s) return the unjustly obtained property or its value. Plaintiffs demand the appropriate legal and equitable remedies, including but not limited to:**

- **The return of all credits, money, funds, property**, or value wrongfully obtained by Defendant(s);
- **Full compensation** for the harm suffered, including any consequential or punitive damages resulting from Defendant(s)' fraudulent conduct.

100. **18 U.S. Code § 1341 - Frauds and swindles**, expressly stipulates: "**whoever, having devised or intending to devise <u>any</u> scheme or artifice to defraud, or for obtaining money or <u>property</u> by means of <u>false or fraudulent pretenses</u>, representations, or promises**, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, **security, or other article**, or anything represented to be or

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1 intimated or held out to be such counterfeit or spurious article, for the purpose of
2 executing such scheme or artifice or attempting so to do, **places in any post office**
3 or authorized depository for mail matter, any matter or thing whatever to be sent or
4 delivered by the Postal Service, or deposits or causes to be deposited any matter or
5 thing whatever to be sent or delivered by any private or commercial interstate
6 carrier, or takes or receives therefrom, any such matter or thing, or knowingly
7 causes to be delivered by mail or such carrier according to the direction thereon, or
8 at the place at which it is directed to be delivered by the person to whom it is
9 addressed, **any such matter or thing, shall be fined under** this title or **imprisoned**
10 not more than **20 years, or both**. If the violation occurs in relation to, or involving
11 any benefit authorized, transported, transmitted, transferred, disbursed, or paid in
12 connection with, a presidentially declared major disaster or emergency (as those
13 terms are defined in section 102 of the Robert T. Stafford Disaster Relief and
14 Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, **such**
15 **person shall be** fined not more than **$1,000,000 or imprisoned not more than 30**
16 **years, or both**."

## NINETH (9th) CAUSE OF ACTION
### (For Threats and Extortion against all Defendants)

19   101. Plaintiffs re-affirm and incorporate paragraphs 1 through 100 as if set forth
20 herein.

21   102. **Acknowledgment of Unrebutted Affidavits**: As considered, agreed, and
22 admitted by Defendants in the *unrebutted* affidavits (Exhibits F and H),
23 Defendant(s) knowingly and willfully engaged in threatening conduct, including
24 threats of harm and extortion, in violation of applicable laws concerning
25 internationally protected persons, foreign officials, and official guests, and/or
26 nationals of the United States.

27   103. **Extortionate Demands**: Defendant(s) made extortionate demands or threats
28 to influence or coerce Plaintiff(s) through intimidation, fraud, or force, knowing

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1  that such threats would lead to harm or unlawful actions that would benefit
2  Defendant(s).

3  104. **Nature of Defendants' Threats and Extortionate Conduct:**

4  • Threatening to violate the rights or safety of an internationally protected
5  person or foreign official, as defined under **18 U.S. Code § 112** - Protection
6  of foreign officials, official guests, and internationally protected persons.

7  • Making extortionate demands in connection with the threats described
8  above.

9  105. **Coercion and Extortion**: By engaging in these unlawful actions,
10  Defendant(s) have knowingly engaged in coercion and extortion, using threats to
11  unlawfully influence or compel Plaintiff(s) to act against their interests or submit to
12  Defendant(s)' unlawful demands.

13  106. **Harm to Plaintiff(s)**: These actions have directly harmed Plaintiff(s)
14  by depriving them of their rights or property or by compelling Plaintiff(s) to
15  surrender something of value, under duress or threat of further deprivation
16  and/or harm.

17  107. **Unjust Enrichment to Defendant(s)**: Defendant(s) made these demands
18  with the knowledge that their actions were unlawful and intended to benefit from
19  the coerced conduct, resulting in unjust enrichment to Defendant(s) and harm to
20  Plaintiff(s).

21  108. **Private Right of Action**: **18 U.S. Code § 873** provides a civil remedy
22  for individuals who have been victims of extortion, enabling Plaintiff(s) to
23  demand damages as a result of Defendant(s)' coercive tactics. Moreover,
24  individuals may pursue damages under **civil RICO statutes** when extortion
25  is tied to racketeering activities, which include coercive tactics to gain
26  unlawful financial benefits.

27  109. **Civil Cause of Action for Extortion and Coercion**: Defendant(s)' actions are
28  subject to a **private right of action** for the following:

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

- **Compensatory damages** for Plaintiff(s) due to Defendants' extortion attempts, which forced Plaintiffs into compliance through unlawful demands;
- **Punitive damages** for Defendants' intentional, willful, and malicious extortion under **18 U.S. Code § 878**, which provides for criminal penalties as well as the possibility of civil damages in cases of coercion, threats, or extortion against foreign officials or internationally protected persons.
- **Consequential damages** resulting from Defendant(s)' coercive actions, including financial and reputational harm;
- Any **punitive damages** deemed appropriate due to Defendant(s)' intentional misconduct or willful disregard for Plaintiff(s)' rights.

110. **Violation of Constitutional and Statutory Rights**: Defendant(s)' actions also constitute a violation of Plaintiff(s)' constitutional rights or rights under applicable law, including but not limited to unlawful coercion and deprivation of property, which entitles Plaintiff(s) to full redress and damages.

111. **Relevant Statutes and Legal Precedent:**

- **18 U.S. Code § 878** - Threats and extortion against foreign officials, official guests, or internationally protected persons, expressly stipulates:
- *(a)* Whoever knowingly and willfully threatens to violate **18 U.S. Code § 112, 18 U.S. Code § 1116**, or **18 U.S. Code § 1201** shall be fined under this title or imprisoned not more than five years, or both, except that imprisonment for a threatened assault shall not exceed three years.
- *(b)* Whoever in connection with any violation of subsection (a) or actual violation of **18 U.S. Code § 112, 18 U.S. Code § 1116**, or **18 U.S. Code § 1201** makes any extortionate demand shall be fined under this title or imprisoned not more than twenty years, or both.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

- *(c)* For the purpose of this section, "foreign official," "internationally protected person," "national of the United States," and "official guest" shall have the same meanings as those provided in **18 U.S. Code § 1116(a)**.
- *(d)* If the victim of an offense under subsection (a) is an **internationally protected person** outside the United States, the United States may exercise jurisdiction over the offense if:
    1. The victim is a representative, officer, employee, or agent of the United States.
    2. An offender is a **national of the United States**.
    3. An offender is afterward found in the United States

112. **Relief Sought: Plaintiffs demand the following:**

- **Compensatory damages** for the harm suffered due to the unlawful conduct;
- **Consequential damages** arising from Defendant(s)' actions;
- **Punitive damages** for Defendants' intentional and malicious misconduct;
- **Equitable relief** as necessary, including restitution and the return of property wrongfully obtained through extortion.

## TENTH (10th) CAUSE OF ACTION
## (For Racketeering against all Defendants)

113. Plaintiff re-alleges and incorporate paragraphs 1 through 112 as if set forth herein.

114. **Fraudulent Conduct by Defendants**: Defendants willfully and intentionally engaged in fraudulent actions by knowingly misrepresenting material facts and creating 'fraud in the factum,' including but not limited to misrepresentations regarding how money is created, the nature of the transaction, interest, ownership, title, and authority to file a 'notice of default and intent to sell' and/or conduct a trustee's sale, operating under blatantly false pretenses. This conduct constitutes **racketeering** under **18 U.S.C. § 1961 et seq.**, as Defendants engaged in a pattern of

1  fraudulent and illegal activities aimed at unlawfully depriving Plaintiff of their
2  property rights.

3      115. **False Claims and Fraudulent Documents**: Defendants willfully and
4  intentionally created false claims of debt, placed fraudulent documents in the post
5  office or authorized depository for mail, and initiated illegal proceedings that
6  lacked any lawful or legal basis. These actions reflect an ongoing scheme to defraud
7  and extort through racketeering activities, further underscoring the criminal nature
8  of their conduct.

9      116. **Private Right of Action under RICO**: Pursuant to **18 U.S.C. § 1964(c)**,
10  Plaintiff asserts a private right of action for racketeering activities as defined under
11  **18 U.S. Code § 1961 et seq.** Plaintiff has suffered injury to their business and
12  property as a direct result of Defendants' racketeering activities, including but not
13  limited to extortion, fraud, and unlawful deprivation of property.

14      117. **Serious Crimes**: Defendants have engaged in or threatened to engage in the
15  commission of acts involving Racketeering Activity as Defined by 18 U.S. Code § 1961.

16      • Murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing
17      in obscene material, or trafficking in controlled substances. These acts are
18      chargeable under State law and punishable by imprisonment for more
19      than one year.

20      118. **Federal Offenses**: Defendants have engaged in acts that are indictable
21  under various provisions of Title 18, United States Code, including but not limited
22  to the following:

23      • Sections 891–894 (extortionate credit transactions)
24      • Section 933 (trafficking in firearms)
25      • Sections 1028–1029 (fraud and related activities in connection with
26      identification documents and access devices)
27      • Sections 1341–1344 (fraud, including mail and wire fraud, and financial
28      institution fraud)

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

- Section 1951 (interference with commerce, robbery, or extortion)
- Section 1952 (racketeering)
- Section 1956 (money laundering)
- Section 1957 (monetary transactions in property derived from criminal activity)
- Sections 2314–2319 (interstate transportation of stolen property and trafficking in counterfeit goods)

## Pattern of Racketeering Activity

119. **Pattern of Racketeering Activity**: Defendants have engaged in a **pattern of racketeering activity** by committing multiple acts that fall within the scope of the racketeering activity described above, causing substantial harm to Plaintiff. These repeated unlawful acts demonstrate a deliberate pattern of racketeering activities intended to deprive Plaintiff of their property and rights.

### *ELEVENTH (11th) CAUSE OF ACTION*
### (For Bank Fraud against all Defendants)

120. Plaintiffs re-affirm and incorporate paragraphs 1 through 119 as if set forth herein.

121. Plaintiff hereby asserts a cause of action for bank fraud under 12 U.S. Code § 1831, which provides a basis for a **private cause of action** for the unlawful conduct of Defendants.

19. **Violation of 12 U.S. Code § 1831 – Bank Fraud**

Defendants willfully and intentionally violated 12 U.S. Code § 1831, which expressly stipulates:

"Whoever knowingly executes, or attempts to execute, a scheme or artifice — (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

20. **Defendants' Scheme to Defraud**

    Defendants engaged in a deliberate and fraudulent scheme to defraud a financial institution, specifically by placing fraudulent claims on the property, misrepresenting ownership, and creating false debt instruments, all under false pretenses. These actions were executed with the intent to unlawfully obtain funds, securities, assets, and other property under the custody and control of the financial institution.

21. **Plaintiff's Financial Harm**

    The fraudulent conduct perpetrated by Defendants caused substantial financial harm to Plaintiff. By unlawfully manipulating financial assets and misleading the financial institution, Defendants' actions further violated Plaintiff's rights, resulting in significant economic damages.

22. **Damages Sought**

    As a result of the Defendants' violations of 12 U.S. Code § 1831, Plaintiff demands to recover compensatory damages, including but not limited to financial losses, consequential damages, and any other relief the Court deems appropriate. Additionally, Plaintiff demands punitive damages in order to deter further unlawful conduct

122. Defendants willfully and intentionally violated **18 U.S. Code § 1344 – Bank Fraud**, which expressly stipulates: "**Whoever** **knowingly executes, or attempts to execute**, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the **moneys, funds, credits, assets, securities, or other property** owned by, or under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than **$1,000,000** or imprisoned not more than **30 years, or both**." Defendants engaged in a scheme to defraud the financial institution by placing fraudulent claims on the property, misrepresenting ownership, and creating false debt instruments,

1  all while under false pretenses. Their actions were designed to obtain funds,
2  securities, and assets unlawfully, further violating Plaintiff's rights and
3  causing financial harm."

### TWELFTH (12th) CAUSE OF ACTION

4
5  **(For Fraudulent Transfer of Property and Securities against all Defendants)**

6  123. Plaintiffs re-affirm and incorporate paragraphs 1 through 122 as if set forth herein.

7  124. **Defendants' Unlawful Actions:** Defendants willfully and knowingly
8  engaged in the unlawful transportation, transmission, and transfer of stolen,
9  converted, and fraudulently obtained goods, securities, and moneys across state
10  lines, in violation of **18 U.S. Code § 2314** and **§ 2315**, which prohibit the interstate
11  transportation of stolen, converted, or fraudulently obtained property, including
12  securities and money. These actions also violated **15 U.S. Code § 78j** (Securities
13  Exchange Act of 1934), which prohibits manipulative and deceptive practices in
14  connection with the purchase or sale of securities.

15  125. **Acquisition of Plaintiff's Property and Financial Interests:** Defendants
16  wrongfully acquired Plaintiffs' property and financial interests, including but not
17  limited to real property, monetary instruments, negotiable instruments, and other
18  assets exceeding $5,000 in value, through fraudulent misrepresentation and deceit.

19  126. **Fraudulent Transfers and Participation in Deceptive Conduct:** Defendants
20  knowingly participated in fraudulent transfers of assets and securities, such as
21  forged deeds and fabricated financial documents, understanding that these assets
22  had been wrongfully acquired through fraud, as evidenced by the verified and
23  *unrebutted* commercial affidavits (Exhibits F and H).

24  127. **Conspiracy to Defraud:** Defendants intentionally conspired to transport
25  and transfer these goods, with the specific intent to defraud Plaintiffs and deprive
26  them of their rightful assets, including financial securities, in violation of **15 U.S.**
27  **Code § 78j**. This statute prohibits fraud, misrepresentation, and deceptive conduct
28  in the sale or transfer of securities.

128. **Execution of Fraudulent and Unlawful Transfers:** Specifically, the fraudulent and unlawful transfer of Plaintiffs' property, including financial securities, was executed as part of Defendants' scheme to deprive Plaintiffs of their rightful assets, without any legal authority or justification.

129. **Intent to Deceive and Defraud:** Defendants' actions were undertaken with the specific intent to deceive, defraud, and injure Plaintiffs.

130. **Harm and Financial Loss:** As a direct result of Defendants' unlawful conduct, Plaintiffs have suffered irreparable harm and financial loss. Plaintiffs have been deprived of their property, forced to engage in legal proceedings to recover said assets, prevent further fraudulent actions from Defendants, and protect their rights.

131. **Application of FDCPA:** In addition to the above actions and as evidenced by the *unrebutted* commercial affidavits (Exhibits F and H), Defendants have engaged in fraudulent practices related to debt collection, in violation of the **Fair Debt Collection Practices Act (FDCPA), 15 U.S. Code § 1692**. Specifically, Defendants may have misrepresented the nature of financial obligations or the amount of debt owed by Plaintiffs, using fraudulent documentation to advance their unlawful scheme.

132. **Misrepresentation of Debt Obligations:** Defendants wrongfully and knowingly participated in actions that misrepresented financial obligations, including the creation and submission of fraudulent documents or debt instruments designed to coerce Plaintiffs into paying fictitious debts or accepting false claims. These acts constitute a violation of **15 U.S. Code § 1692e**, which prohibits false representations and deceptive conduct in the collection of debts.

133. **Prohibited Practices Under FDCPA:** Defendants' actions may further constitute violations under **15 U.S. Code § 1692f**, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt,

1  including fraudulent or misleading conduct that could be used to deceive
2  Plaintiffs into relinquishing their property, funds, or assets.

3  134. **Damages and Relief for FDCPA Violation:** As a result of Defendants'
4  actions, Plaintiffs have suffered significant emotional distress and financial
5  harm, including wrongful loss of assets and forced legal actions to protect
6  their rights and prevent further fraudulent transfers. Under **15 U.S. Code §**
7  **1692k**, Plaintiffs are entitled to recover damages, including actual damages,
8  statutory damages, and attorney's fees and costs associated with this legal
9  action.

## THIRTEENTH (13th) CAUSE OF ACTION
## (For Slander of Title against all Defendants)

12  135. Plaintiffs re-affirm and incorporate paragraphs 1 through 134 as if set forth herein.
13  136. Plaintiffs assert a claim for slander of title arising from Defendants' false,
14  malicious, and improper statements or filings that have clouded the title to
15  Plaintiffs' property. These actions have caused Plaintiffs significant injury, including
16  damage to their rightful ownership of the property and a substantial diminution in
17  its value.

18  137. The slander of title has not been rebutted and Defendants, through their
19  silent acquiescence, tacit agreement, and tacit procuration, as well as the absence of
20  any valid rebuttal to multiple verified commercial affidavits, have effectively
21  admitted the falsity of their claims. This *consideration* and acknowledgment is
22  further evidenced by the signed USPS Forms 3811, confirming Defendants' receipt
23  and acceptance of the relevant Notices, Affidavits, and the Self-Executing Contract
24  and Security Agreements.

25  138. Moreover, Plaintiffs assert that they are entitled to a **private right of action**
26  under 18 U.S. Code § 1964(c) (RICO Act) **and** 42 U.S. Code § 1983 for the
27  deprivation of rights under color of law, as well as under other relevant statutes
28  that protect property rights and actions against unlawful slander.

1    139. Defendants actions represent unlawful conduct that not only damages

2    Plaintiffs' property rights but also constitutes a violation of Plaintiffs' legal rights,

3    justifying a private right of action for damages.

## FOURTEENTH (14th) CAUSE OF ACTION

### (Replevin Action— Against all Defendants)

6    140. Plaintiffs re-affirm and incorporate paragraphs 1 through 139 as if set

7    forth herein.

8    141. Plaintiffs demand a judgment for the immediate return of their

9    **private** automobile/transport and all private Property currently held by

10    Defendants, which was stolen from Plaintiffs, and which is incurring a daily

11    usage charge of $1,000.00 per day, as per the stipulation from Defendants, and

12    also by their implied actions of containing to maintain possession of the

13    private Property.

14    142. Plaintiffs alternatively demand compensation for the full value of the

15    Property if it is not returned in the exact working order and condition.

16    143. Plaintiffs **demand** the immediate return of all property, tangible and

17    intangible, free and clear of any adverse claims by Defendants, as they have

18    no lawful or legal right to retain possession. If the property cannot be

19    returned, Plaintiffs demand compensation for its full market value at the time

20    of the wrongful possession.

21    144. Defendants' failure to respond to Plaintiffs' demands and **unrebutted**

22    **affidavits** constitutes wrongful possession of the Property under any Law,

23    consistent with legal maxims and established precedent.

24    145. Plaintiffs request the court issue an ORDER for the immediate return

25    of the Property or, alternatively, for the monetary value of the Property to be

26    awarded to Plaintiffs in accordance with the principles of Law and Chapter

27    78, Florida Statutes, along with any other relief the court deems just and

28    proper.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

## *Fifteenth (15th) CAUSE OF ACTION*
## (Unlawful Interference, Intimidation, Extortion, and Emotional Distress — Against all Defendants)

146. Plaintiffs re-affirm and incorporate paragraphs 1 through 145 as if set forth herein.

147. **Defendants' Unlawful Conduct**: Defendants willfully and knowingly engaged in unlawful conduct designed to interfere with Plaintiffs' business and commerce. This conduct included threats of violence, intimidation, and extortion, specifically aimed at disrupting Plaintiffs' lawful business activities and economic pursuits. Defendants' actions were unlawful, malicious, and calculated to harm Plaintiffs' business interests.

148. Defendants have admitted to these facts, as reflected in their *unrebutted* affidavits, which under applicable legal principles must be deemed true and taken as established.

149. **Threats and Coercion**:

a. Defendants intentionally made threats of violence and intimidation against Plaintiffs with the express purpose of coercing them into compliance with unlawful demands.

b. These threats were communicated through electronic means, written correspondence, and verbal communications, and were calculated to instill fear in Plaintiffs and force them to act against their will.

c. Defendants' admissions, documented in their unrebutted affidavits, confirm that these threats were made with the intent to intimidate, coerce, and interfere with Plaintiffs' lawful activities.

150. **Resulting Economic and Emotional Harm**: As a direct and proximate result of Defendants' wrongful conduct:

a. **Economic Damages**: Plaintiffs suffered substantial financial harm, including the loss of business opportunities, damage to their business reputation, and other significant economic losses.

b. **Emotional Distress**: Defendants' actions caused Plaintiffs severe emotional distress, including humiliation, anxiety, and psychological harm.

These facts, detailed in Plaintiffs' affidavits, remain unrebutted by Defendants and must therefore be accepted as true.

151. **Extortionate Conduct**: Defendants' conduct constitutes extortion under applicable law. Their threats of violence and harm were intended to unlawfully coerce Plaintiffs into:

a. Relinquishing property, services, or money.

b. Acting against their will and contrary to their lawful rights.

This unlawful conduct was undertaken with the specific intent to deprive Plaintiffs of their rightful property, business interests, and personal well-being. These acts, as documented in Plaintiffs' affidavits, remain ***unrebutted*** and must be accepted as fact.

152. **Outrageous and Extreme Behavior**:

Defendants' actions were extreme, outrageous, and beyond all bounds of decency. Their conduct demonstrates a reckless disregard for the economic and emotional consequences inflicted upon Plaintiffs. These allegations are supported by the ***unrebutted*** affidavits submitted by Plaintiffs and must be taken as established facts.

153. **Damages and Relief**: As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have incurred the following damages:

a. **Actual Damages**: Plaintiffs have suffered economic losses, emotional distress, and expenses, including medical costs arising from the emotional and psychological harm caused by Defendants' conduct.

b. **Compensatory Damages**: Plaintiffs are entitled to compensatory damages for their financial and emotional harm.

c. **Punitive Damages**: Plaintiffs demand punitive damages to punish Defendants for their willful, malicious, and unlawful actions and to deter similar conduct in the future.

1    d. **Other Relief**: Plaintiffs demand any additional relief deemed just and
2    appropriate by the Court.

3    154. *Unrebutted* **Affidavits and Legal Entitlement**: Defendants have failed to
4    rebut the sworn affidavits submitted by Plaintiffs, which detail the unlawful
5    interference, intimidation, and extortion. Under legal standards, these affidavits
6    must be taken as true. Consequently, Plaintiffs are entitled to judgment as a matter
7    of law based on the unrebutted evidence and established facts

8    ## SIXTEENTH (16th) CAUSE OF ACTION

9    ## (Declaratory Judgement and Relief — Against all Defendants)

10    155. Plaintiffs re-affirm and incorporate paragraphs 1 through 154 as if set forth
11    herein.

12    156. **Fraud**: Plaintiffs demand a declaratory judgment affirming that Defendants
13    have committed acts of fraud by willfully misrepresenting material facts,
14    concealing critical information, and engaging in deceptive practices that have
15    caused harm to Plaintiffs. This judgment will establish Defendants' liability and
16    confirm Plaintiffs' entitlement to relief.

17    157. **Breach of Contract**: Plaintiffs demand a declaratory judgment affirming the
18    terms and enforceability of the self-executing Contract and Security Agreement.
19    Defendants' failure to rebut Plaintiffs' commercial affidavits constitutes tacit
20    agreement to these terms, thereby confirming Defendants' breach of contract and
21    their liability for damages.

22    158. **Theft, Embezzlement, and Fraudulent Misapplication of Funds and**
23    **Assets**: Plaintiffs demand a declaratory judgment confirming that Defendants
24    engaged in theft, embezzlement, and fraudulent misapplication of Plaintiffs' funds
25    and assets. Plaintiffs request that the Court affirm Defendants' wrongful conduct
26    and their responsibility to restore the misappropriated assets.

27    159. **Fraud, Forgery, and Unauthorized Use of Identity**: Plaintiffs demand a
28    declaratory judgment to establish that Defendants committed fraud and forgery by

1  unlawfully using Plaintiffs' identity without authorization. This includes the
2  creation, manipulation, or misuse of documents and instruments bearing Plaintiffs'
3  name, which resulted in financial and reputational harm.

4    160. **Monopolization of Trade and Commerce and Unfair Business Practices**:
5  Plaintiffs demand a declaratory judgment to affirm that Defendants engaged in
6  unlawful monopolistic practices and unfair business practices, including restricting
7  market competition and exploiting Plaintiffs' business interests. This judgment will
8  clarify the public harm caused by Defendants' actions and the impact on Plaintiffs'
9  rights to fair trade and commerce.

10    161. **Deprivation of Rights Under Color of Law**: Plaintiffs demand a
11  declaratory judgment affirming that Defendants, acting under the color of law,
12  deprived Plaintiffs of their constitutional and statutory rights. This includes
13  violations of due process, equal protection, and other rights protected under federal
14  and state laws.

15    162. **Receiving Extortion Proceeds, False Pretenses, and Fraud**: Plaintiffs
16  demand a declaratory judgment to affirm that Defendants knowingly received and
17  benefited from proceeds obtained through extortion, false pretenses, and fraud.
18  This judgment will confirm the illegal nature of such transactions and Defendants'
19  liability for damages.

20    163. **Extortion and Racketeering**: Plaintiffs demand a declaratory judgment
21  affirming that Defendants engaged in extortion and racketeering activities in
22  violation of federal and state laws. Plaintiffs demand the Court's determination of
23  the unlawful nature of Defendants' conduct and its impact on Plaintiffs' rights and
24  interests.

25    164. **Bank Fraud**: Plaintiffs request a declaratory judgment confirming that
26  Defendants engaged in bank fraud as defined under 18 U.S.C. § 1344. This includes
27  fraudulent representations, mismanagement of financial instruments, and unlawful
28  practices that caused harm to Plaintiffs.

165. **Fraudulent Transportation and Transfer of Stolen Goods and Securities**: Plaintiffs demand a declaratory judgment confirming that Defendants unlawfully transported and transferred stolen goods, funds, and securities in violation of federal law. This judgment will clarify Defendants' liability for their fraudulent acts.

166. **Slander of Title**: Plaintiffs demand a declaratory judgment affirming the validity of their title to the property in question. Plaintiffs request that the Court confirm Defendants' defamatory claims and actions have unlawfully clouded Plaintiffs' title, causing reputational and financial harm.

167. **Replevin or Compensation**: Plaintiffs request a declaratory judgment establishing their right to immediate possession of the property or, alternatively, compensation equivalent to the value of the property. Plaintiffs assert that they are the sole and exclusive owners, free and clear of any claims or interests asserted by Defendants. This includes confirming that the title is valid, uncontested, and that any wrongful retention by Defendants is subject to remedy under Florida law.

168. **Unlawful Interference, Intimidation, Extortion, and Emotional Distress**: Plaintiffs demand a declaratory judgment to confirm that Defendants engaged in unlawful interference, intimidation, and extortion, causing emotional distress and harm to Plaintiffs. This judgment will affirm Defendants' liability and the extent of damages suffered by Plaintiffs.

169. **Declaratory Judgment for Tacit Agreement and Liability**: Plaintiffs demand a declaratory judgment affirming that Defendants, by failing to rebut Plaintiffs' duly executed and notarized commercial affidavits, have agreed to the terms and conditions of the self-executing Contract and Security Agreement. This includes Defendants' stipulated liability in the amount of **One Hundred Million Dollars ($100,000,000.00)**.

a. Plaintiffs present Exhibits "A" through "N" as supporting evidence, demonstrating Defendants' silence, acquiescence, non-response, and tacit procuration, which legally constitutes agreement to the terms of the Contract and Security Agreement.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

**Relief Requested**:

Plaintiffs respectfully demand that the Court grant declaratory relief to:

a. Affirm the validity and enforceability of the Contract and Security Agreement.

b. Establish Defendants' liability for the wrongful acts and omissions outlined herein.

c. Clarify Plaintiffs' rights, title, and interests under federal and state laws.

d. Award Plaintiffs such further relief as the Court deems just and proper, including, but not limited to, the agreed and stipulated judgment of **One Hundred Million Dollars ($100,000,000.00)** and the corresponding lien against Defendants.

## SEVENTEENTH (17th) CAUSE OF ACTION

**(Summary Judgement as a Matter of Law — Against all Defendants)**

170. Plaintiffs re-affirm and incorporate paragraphs 1 through 169 as if set forth herein.

171. Plaintiffs respectfully **move** for summary judgement in their favor based on the clear, enforceable terms of the Contract and Security Agreement, and as a matter of law. Pursuant to the Contract and Security Agreement, Defendant(s) explicitly stipulated and accepted, by their conduct and inaction, a binding judgement, summary judgement, and/or lien authorization (per U.C.C. § 9-509) in favor of Plaintiffs. The contract establishes Defendant(s)' liability in the agreed-upon amount of **One Hundred Million Dollars ($100,000,000.00)**, which Defendant(s) acknowledged and accepted through the principles of tacit procuration and silent acquiescence, thereby waiving any grounds to contest this judgement.

172. Defendants agreed to the terms stipulated in the ***unrebutted*** commercial affidavits and the self-executing Contract and Security Agreement, all of which were confirmed, signed for via USPS form 3811, and delivered via USPS Registered, Express, and/or Certified Mail.

173. **Res Judicata, Stare Decisis, and Collateral Estoppel**: The principles of res judicata, stare decisis, and collateral estoppel apply to the unrebutted affidavits, establishing that all issues are deemed settled and cannot be contested further. These principles reinforce the finality of the administrative findings and support the granting of summary judgement.

174. Given that the affidavits presented are unrebutted and establish the facts essential to Plaintiffs' claims, summary judgement in favor of Plaintiffs is warranted. Defendants' failure to contest or rebut these affidavits supports the conclusion that there are no genuine issues of material fact, and Plaintiffs are entitled to judgement as **a matter of law**.

175. Plaintiffs respectfully demand the Court to grant summary judgement in their favor based on the undisputed facts presented in the unrebutted verified commercial affidavits submitted and incorporated into this matter. Defendants have failed to rebut the content of these affidavits, which conclusively establish the validity of Plaintiffs' claims.

176. **Rule 56(c) of the South Carolina Rules of Civil Procedure (SCRCP)**: Summary judgement is appropriate where there is no triable issue of material fact and the moving party is entitled to judgement as a matter of law. The **_unrebutted_** affidavits (Exhibits F and H) submitted by Plaintiffs establish that there are no material facts in dispute, and Plaintiffs are entitled to judgement based on the evidence provided.

## CLAIM and DEMAND FOR RELIEF:

177. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 176 as if fully set forth herein.

178. Plaintiffs demand a judgment **replevin or compensation** for the Property **in their favor**, free and clear of any adverse claims by Defendant(s), and a judgment in the sum amount of, **One Hundred Million Dollars ($100,000,000)**, as established and **evidenced** by **Exhibits F and H.**

179. As *considered*, *agreed*, and *stipulated* by Defendants in the **_unrebutted_** _verified_ commercial affidavits, contract agreement, and self-executing contract security agreements (Exhibits F and H), **All** issues are deemed **settled RES JUDICATA**, **STARE DECISIS** and by **COLLATERAL ESTOPPEL**.

# RELIEF DEMANDED:

**WHEREFORE,** Plaintiffs respectfully demand for judgement as follows:

**First (1st) Cause of Action (Fraud)**

1. For compensatory damages resulting from Defendants' willful and intentional fraudulent misrepresentations and creation of false claims of debt, as considered, agreed, and stipulated by Defendants in the **_unrebutted_** _verified_ commercial affidavits, contract agreement, and self-executing contract security agreements (Exhibits F and H).

2. For punitive damages based on Defendants' intentional, willful, and malicious conduct.

3. **Private Right of Action**: A private right of action exists under fraud claims, particularly where fraudulent misrepresentation leads to financial harm. As established under Restatement (Second) of Torts, § 529, individuals harmed by fraudulent misrepresentation may demand both compensatory and punitive damages.

4. Additionally, several federal statutes provide a private right of action for fraudulent practices:

   • **12 U.S. Code § 2605 (Real Estate Settlement Procedures Act of 1974)** – Provides a private right of action for Plaintiffs when Defendants fail to provide the proper disclosures and engage in fraudulent conduct in connection with real estate settlements.

   • **12 U.S. Code § 5601 (The Dodd-Frank Wall Street Reform and Consumer Protection Act)** – Allows a private right of action for Plaintiffs harmed by unfair or deceptive practices by financial institutions, including fraud and

1  misrepresentation in loan servicing and foreclosure and/or repossession
2  proceedings.

3  • **12 U.S. Code § 1639c (Truth in Lending Act, TILA)** – Provides a private right
4  of action for fraudulent misrepresentation or failure to disclose material
5  information regarding financial products, including mortgage loans and
6  related documents.

7  • **15 U.S. Code § 1692 (Fair Debt Collection Practices Act, FDCPA)** – Provides
8  a private right of action for fraudulent representations and unlawful debt
9  collection practices, including fraudulent or deceptive methods used to
10  collect debts.

## Second (2nd) Cause of Action (Breach of Contract)

11

12  5.  **Compensatory Damages for Breach of Contract**: Plaintiffs demand
13  **compensatory damages** resulting from Defendants' breach of the Contract and
14  Security Agreement. Defendants have failed to perform their obligations as
15  required under the contract, which was deemed accepted by their **non-response**
16  to the terms outlined in the contract, including but not limited to their failure to
17  address the affixed contractual duties and obligations.

18  6.  **Private Right of Action for Breach of Contract**: A **Private Right of Action** for
19  breach of contract is established under **Uniform Commercial Code (U.C.C.) §**
20  **2-715**, which provides a remedy for non-performance or wrongful failure to
21  perform an agreement. Under this provision, Plaintiffs are entitled to demand
22  **compensatory damages** for any loss incurred as a result of Defendants' failure to
23  uphold the terms of the contract.

24  7.  **Non-performance and Civil Claim for Damages**: As per **common law contract**
25  **principles**, non-performance of an agreement entitles the non-breaching party to
26  pursue a **civil claim** for damages arising from the breach. Defendants' willful
27  non-performance and failure to satisfy their obligations as set forth in the
28  contract have directly resulted in financial harm to Plaintiffs, for which they

1  demand restitution and any other appropriate remedies as deemed just and
2  proper by the Court.

3  **Third (3rd) Cause of Action (Theft, Embezzlement, and Fraudulent**
4  **Misapplication of Funds and Assets)**

5  8. For restitution of funds and assets misappropriated by Defendants, constituting
6  embezzlement, as per applicable laws.

7  9. For punitive damages due to Defendants' intentional, willful, and malicious
8  misappropriation and negligence of Plaintiff's property.

9  10. **Private Right of Action**: Under 18 U.S.C. § 666 and common law embezzlement
10  principles, victims of embezzlement have a private right of action for recovery of
11  stolen assets and damages caused by the wrongful appropriation of funds.

12  **Fourth (4th) Cause of Action (Fraud, Forgery, and Unauthorized Use**
13  **of Identity)**

14  11. For compensatory damages due to Defendants' unlawful use of Plaintiffs'
15  private and personal information without authorization.

16  12. For punitive damages for the willful and intentional unauthorized use of
17  identity.

18  13. **Private Right of Action**: Under 18 U.S.C. § 1028, individuals whose identities
19  have been fraudulently used may pursue a private right of action for damages
20  caused by the unauthorized use of personal information.

21  **Fifth (5th) Cause of Action (Monopolization of Trade and Commerce**
22  **and Unfair Business Practices)**

23  14. For compensatory damages due to Defendants' unlawful restraint of trade and
24  commerce, in violation of antitrust laws.

25  15. For **equitable relief** to prevent further monopolistic practices.

26  16. **Private Right of Action**: Under Sherman Antitrust Act, 15 U.S.C. § 2, private
27  parties may bring suit for monopolistic practices and demand both damages and
28  injunctive relief to prevent future violations.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

## Sixth (6th) Cause of Action (Deprivation of Rights under the Color of Law)

17. **Compensatory Damages**: Plaintiffs demand compensatory damages arising from the deprivation of their constitutional rights under **42 U.S.C. § 1983** and **18 U.S.C. § 241**. These damages are necessary to redress the harm suffered by Plaintiffs as a direct result of Defendants' unlawful actions, including violations of due process, equal protection, and other fundamental rights guaranteed by the U.S. Constitution.

18. **Punitive Damages**: Plaintiffs further demand punitive damages based on Defendants' intentional, willful, and malicious deprivation of Plaintiffs' constitutional rights. These damages are warranted to deter Defendants and others from engaging in similar conduct in the future and to hold them accountable for their egregious and oppressive actions.

19. **Private Right of Action**: Pursuant to **42 U.S.C. § 1983**, Plaintiffs, as private individuals, have the right to sue state actors who have deprived them of their constitutional rights under color of law. This statute provides for both compensatory and punitive damages as remedies for such violations. Additionally, under **18 U.S.C. § 241**, Plaintiffs highlight the criminal conspiracy by Defendants to interfere with their constitutional rights, further underscoring the gravity of the violations and the need for judicial intervention and damages.

## Seventh (7th) Cause of Action (Receiving Extortion Proceeds)

20. **Compensatory Damages for Unlawful Benefit from Extortion Proceeds**: Plaintiffs demand **compensatory damages** resulting from Defendants' unlawful benefit obtained from **extortion proceeds** in violation of **18 U.S.C. § 880** and **15 U.S.C. § 1** (Sherman Antitrust Act). Defendants employed coercive tactics, including the unlawful initiation of foreclosure and/or repossession, threats, and false claims of authority, to compel Plaintiffs to act against their interests and submit to fraudulent claims. These actions constitute extortion, with the

VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR COMPENSATION, and DEMAND SUMMARY JUDGEMENT AS A MATTER OF LAW

1  Defendants unlawfully benefiting from the wrongful appropriation of Plaintiffs'
2  property.

3  21. **Punitive Damages for Willful and Malicious Participation in Extortion:**
4  Plaintiffs further demand **punitive damages** due to Defendants' **intentional,**
5  **willful**, and **malicious participation** in the unlawful act of extortion.
6  Defendants' coercive conduct not only constitutes a direct violation of federal
7  law but was done with the deliberate intent to harm Plaintiffs, strip them of their
8  property rights, and gain an unlawful advantage.

9  22. **Violation of 42 U.S.C. § 1983 - Deprivation of Rights Under Color of Law:**
10  Defendants' actions violate **42 U.S.C. § 1983**, which allows for a civil action for
11  the deprivation of rights secured by the Constitution or federal law. Acting
12  under color of law, Defendants unlawfully deprived Plaintiffs of their property
13  rights, which are constitutionally protected. Defendants' actions in initiating
14  foreclosure and/or repossession and making false claims of authority have
15  unlawfully deprived Plaintiffs of their constitutional rights, thus entitling
16  Plaintiffs to demand restitution and damages for the violation of their property
17  rights.

18  23. **Violation of 15 U.S.C. § 1 (Sherman Antitrust Act):** Defendants' coercive
19  foreclosure and/or repossession actions, which may be part of a broader effort
20  to monopolize or restrain trade, violate **15 U.S.C. § 1** of the **Sherman Antitrust**
21  **Act**. By conspiring to restrict Plaintiffs' right to freely manage their property and
22  engage in commerce, Defendants' conduct constitutes illegal restraint of trade,
23  and Plaintiffs are entitled to remedies under federal antitrust law for these
24  violations.

25  24. **Unjust Enrichment Under Restatement (Second) of Torts:** Through their
26  fraudulent foreclosure and/or repossession practices and extortionate behavior,
27  Defendants have unjustly enriched themselves by receiving benefits from the
28  wrongful appropriation of Plaintiffs' property. Under the **Restatement (Second)**

1    **of Torts**, unjust enrichment occurs when one party benefits at the expense of

2    another through wrongful conduct. Defendants' receipt of extortion proceeds

3    from Plaintiffs' property constitutes unjust enrichment, and as a result,

4    Defendants should be required to disgorge these ill-gotten gains.

5    **25. Private Right of Action for Extortion and Related Criminal Activities:**

6    • **18 U.S.C. § 880** provides a **private right of action** for restitution to victims of

7      extortion. Plaintiffs are entitled to recover funds or property obtained

8      through extortionate means, and to demand **restitution** for the unlawful

9      benefit Defendants derived from their coercive tactics.

10    • Additionally, **civil RICO claims** under **18 U.S.C. § 1962** allow Plaintiffs to

11      demand remedies for the pattern of racketeering activity, including extortion

12      and related criminal activities, resulting in financial injury. Plaintiffs can

13      pursue **damages, punitive damages**, and other appropriate civil remedies for

14      Defendants' racketeering acts.

15    **Eighth (8th) Cause of Action (False Pretenses and Fraud)**

16    26. **Compensatory Damages for Fraudulent Representations**: Plaintiffs demand

17    compensatory damages resulting from Defendants' fraudulent representations

18    regarding ownership and authority related to foreclosure and/or repossession

19    proceedings. Defendants knowingly made false representations concerning their

20    right to initiate foreclosure and/or repossession actions, which were detrimental

21    to Plaintiffs' property rights.

22    27. **Punitive Damages for Willful and Malicious Intent**: Plaintiffs demand

23    punitive damages for Defendants' intentional, willful, and malicious

24    conduct in creating false pretenses to facilitate the wrongful foreclosure

25    and/or repossession. Defendants acted with an intentional disregard for

26    the truth and with a malice that warrants punitive damages to deter such

27    conduct.

28    28. **Private Right of Action:**

- **Restatement (Second) of Torts § 530**: Under **Restatement (Second) of Torts § 530**, victims of fraudulent misrepresentation may pursue both compensatory and punitive damages. This legal principle supports Plaintiffs' right to demand redress for both the actual harm caused by the fraudulent representations and the malicious intent behind such actions.

- **Private Right of Action under State Fraud Laws**: Plaintiffs are entitled to pursue a **private right of action** for fraudulent misrepresentation under applicable state laws governing fraud, deceit, and false pretenses. These state laws provide for the recovery of both compensatory and punitive damages for fraudulent conduct.

- **Civil Remedies for Fraud under 18 U.S.C. § 1343 (Wire Fraud)**: Under **18 U.S.C. § 1343**, which criminalizes wire fraud, Plaintiffs may also pursue civil remedies, including compensatory and punitive damages, if Defendants' actions involved the use of interstate communication for fraudulent purposes.

29. **Remedies Sought:**

- **Compensatory Damages** for the financial harm caused by Defendants' fraudulent misrepresentations.

- **Punitive Damages** to punish Defendants for their intentional and malicious conduct and to deter future fraudulent actions.

- **Equitable Relief** as appropriate, including the potential return of property or compensation for losses stemming from the **fraudulent repossession** actions.

## Ninth (9th) Cause of Action (Extortion)

30. **Compensatory Damages**: Plaintiff(s) demand **compensatory damages** for the harm caused by Defendants' extortion attempts, which unlawfully forced Plaintiff(s) into compliance through coercive and unlawful demands.

31. **Punitive Damages**: Plaintiff(s) demand **punitive damages** for Defendant(s)' intentional, willful, and malicious conduct in committing extortion under **18**

1    **U.S. Code § 878**, which governs the penalties for threats and extortion related to

2    foreign officials, internationally protected persons, and official guests.

3   32. **Private Right of Action: 18 U.S.C. § 873** provides a civil **right of action** for

4    victims of extortion, enabling Plaintiff(s) to pursue damages stemming from

5    Defendants' unlawful extortionate conduct. Furthermore, individuals may

6    pursue **civil remedies** under **RICO statutes** (Racketeer Influenced and Corrupt

7    Organizations Act) when the extortion is connected to a pattern of racketeering

8    activity, providing an additional legal avenue for redress.

9   33. **RICO Claims**: Plaintiff(s) may also pursue damages and relief under the **civil**

10    **RICO statutes** if Defendants' coercive and extortionate actions are part of a

11    larger pattern of racketeering activity. This includes demanding damages for

12    financial harm, reputational damage, and the unlawful benefits Defendants

13    obtained through extortion

14 **Tenth (10th) Cause of Action (Racketeering)**

15   34. **Nature of the Claim**: This cause of action arises from Defendants' intentional,

16    willful, and malicious engagement in a pattern of racketeering activities in

17    violation of **18 U.S.C. § 1961 et seq.**, causing substantial harm to Plaintiff.

18   35. **Compensatory Damages**: Plaintiff demands compensatory damages for injuries

19    to their property and rights caused by Defendants' ongoing racketeering

20    activities, including but not limited to fraudulent and illegal actions aimed at

21    depriving Plaintiff of their property through extortion, false claims, and

22    fraudulent misrepresentations.

23   36. **Punitive Damages**: Plaintiff further demands punitive damages due to

24    Defendants' intentional, willful, and malicious conduct, which reflects a blatant

25    disregard for the law and Plaintiff's rights.

26   37. **Private Right of Action**: Pursuant to **18 U.S.C. § 1964(c)**, Plaintiff asserts their

27    private right of action to bring claims under the **Racketeer Influenced and**

28    **Corrupt Organizations (RICO) Act**. This statute enables private parties to

1    demand both compensatory and punitive damages for injuries caused by

2    ongoing criminal enterprises and racketeering activities

3   **Eleventh (11th) Cause of Action (Bank Fraud)**

4   38. For compensatory damages due to Defendants' violation of 18 U.S.C. § 1344

5    through fraudulent schemes to defraud financial institutions.

6   39. For punitive damages for Defendants' intentional, willful, and malicious intent

7    to defraud.

8   40. **Private Right of Action**: Although 18 U.S.C. § 1344 does not expressly grant a

9    private right of action, civil remedies for fraud and breach of fiduciary duties

10    under common law or UCC § 3-305 may provide a basis for damages.

11   **Twelfth (12th) of Action (Fraudulent Transfer of Property and**

12   **Securities)**

13   41. **Nature of the Claim**: This cause of action arises from Defendants' intentional,

14    willful, and malicious fraudulent transfer and transportation of stolen property

15    and securities in violation of **18 U.S.C. § 2314**.

16   42. **Compensatory Damages**: Plaintiff demands compensatory damages for the

17    unlawful transfer and transportation of stolen property and securities, including

18    but not limited to assets wrongfully removed, withheld, or concealed in

19    violation of the law.

20   43. **Punitive Damages**: Plaintiff further demands punitive damages due to

21    Defendants' intentional, willful, and malicious conduct in fraudulently

22    transferring and transporting assets, which constitutes a clear violation of

23    property and trust rights.

24   44. **Private Right of Action:**

25    **a.** While **18 U.S.C. § 2314** criminalizes the transportation of stolen property, it

26    does not independently create a private right of action.

27    **b.** Plaintiff asserts civil remedies under relevant laws, including claims for fraud,

28    unjust enrichment, and restitution, to recover damages resulting from the

1    fraudulent transfer of property.

2    **c.** Pursuant to **UCC § 9-315**, Plaintiff asserts their right to claim damages related

3    to the wrongful transfer of collateral or property that violates security

4    agreements and other lawful protections of property interests.

5    ## Thirteenth (13th) Cause of Action (Slander of Title)

6    45. **Nature of the Claim**: This cause of action arises from Defendants' false,

7    malicious, and defamatory filings that clouded the title to Plaintiff's Property,

8    thereby damaging Plaintiff's ownership rights and interfering with their lawful

9    use and enjoyment of the Property.

10   46. **Declaratory Relief**: Plaintiff demands a declaration that their title to the

11   Property is free and clear of any adverse claims made by Defendants, and that

12   all fraudulent filings, encumbrances, or liens be deemed null and void.

13   47. **Punitive Damages**: Plaintiff further demands punitive damages due to

14   Defendants' intentional, willful, and malicious actions, which were calculated to

15   defraud and injure Plaintiff and unlawfully encumber their Property.

16   48. **Compensatory Damages**: Plaintiff demands compensatory damages for the

17   harm caused by Defendants' actions, including but not limited to the costs

18   associated with clearing the title, diminished value of the Property, and other

19   economic losses incurred as a direct result of Defendants' wrongful conduct.

20   49. **Private Right of Action**:

21   50.a. **Common Law Slander of Title**: A private right of action for slander of

22   title exists under well-established common law tort principles. This right

23   allows a property owner to recover damages caused by false and

24   defamatory statements that directly impair their ownership rights or title

25   to the Property.

26   b. Defendants' filings meet the criteria for slander of title, as they were:

27   i. Published to third parties.

28   ii. False and malicious in nature.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  iii. Specifically calculated to cause harm by casting doubt on Plaintiff's
2  title.

3  iv. Resulting in actual damages to Plaintiff.

4  **Fourteenth (14th) Cause of Action (Replevin or Compensation)**

5  51. **Nature of the Claim**:

6  This cause of action demands judgment for the replevin of the Property, or
7  compensation for its value in favor of Plaintiffs, ensuring it is free and
8  clear of any adverse claims or interests wrongfully asserted by Defendants.
9  Plaintiffs' ownership rights are evidenced and established through **UCC1**
10 **filing and NOTICE #240820-1227141 and UCC3 filing and NOTICE**
11 **#240909-1746112** (Exhibits B and C) and unrebutted contract commercial
12 affidavits (attached as **Exhibits F and H**).

13 52. **Relief Demanded**: Plaintiffs demand immediate return of the private
14 trust property or compensation in the amount of Five Hundred Thousand
15 Dollars.

16 53. **Punitive Damages**: Plaintiffs demand punitive damages for Defendants'
17 unlawful and false claims against Plaintiffs' property rights..

18 **Fifteenth (15th) Cause of Action (Unlawful Interference, Intimidation,**
19 **Extortion, and Emotional Distress)**

20 54. **Nature of the Claim**: Defendants willfully and knowingly engaged in a
21 pattern of unlawful conduct, including threats of violence, intimidation,
22 and extortion, with the specific intent to interfere with Plaintiffs' lawful
23 business activities and economic pursuits. Defendants' actions were
24 malicious, intentional, and calculated to cause harm to Plaintiffs' business
25 interests, personal well-being, and economic opportunities.

26 55. Defendants have admitted to these actions, as evidenced by their
27 *unrebutted* affidavits, which are legally deemed as true under established
28 principles of law.

-75 of 92-

56. **Unlawful Conduct**:

  a. **Threats of Violence and Intimidation**:

  Defendants intentionally made threats of violence and intimidation against Plaintiffs with the aim of coercing them into complying with unlawful demands. These threats, communicated through electronic means, written correspondence, and verbal statements, were calculated to instill fear and force Plaintiffs to act against their will.

  b. **Extortionate Acts**:

  Defendants' conduct constitutes extortion, as their threats of harm were specifically intended to coerce Plaintiffs into relinquishing property, money, services, or rights to which Plaintiffs are legally entitled. These extortionate acts, as admitted by Defendants in their unrebutted affidavits, were undertaken with malicious intent to disrupt Plaintiffs' business and personal affairs.

  c. **Unlawful Interference**:

  Defendants intentionally disrupted Plaintiffs' ability to conduct lawful commerce and business activities through a pattern of coercion and intimidation. This interference directly caused Plaintiffs to suffer financial losses, damage to business reputation, and the loss of economic opportunities.

57. **Resulting Harm**:

  As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered the following damages:

  **a. Economic Damages**: Loss of business opportunities, financial harm, and damage to Plaintiffs' business reputation.

  **b. Emotional and Psychological Harm**: Severe emotional distress, humiliation, anxiety, and other forms of personal and psychological harm caused by Defendants' extreme and outrageous conduct.

1    **c. Tangible Losses**: Plaintiffs incurred medical expenses and other costs

2    related to addressing the emotional and psychological harm caused by

3    Defendants' actions.

4  58. **Admissions and Unrebutted Evidence**:

5    Plaintiffs' allegations are supported by their sworn affidavits, which

6    remain unrebutted by Defendants. Defendants' own admissions, as set

7    forth in their affidavits, confirm their unlawful conduct, including threats,

8    intimidation, and extortion. These facts, being unrebutted, must be

9    accepted as true, and Plaintiffs are entitled to judgment as a matter of law

10    based on the established record.

11  59. **Relief Sought**:

12    a. **Compensatory Damages**: Plaintiffs demand damages for the financial

13    losses, emotional distress, and other harm caused by Defendants' unlawful

14    interference, intimidation, and extortion.

15    b. **Punitive Damages**: Plaintiffs demand punitive damages to punish

16    Defendants for their intentional, willful, and malicious conduct and to

17    deter similar behavior in the future.

18    c. **Injunctive Relief**: Plaintiffs demand a permanent injunction to enjoin

19    Defendants from engaging in any further unlawful interference, threats,

20    intimidation, or extortion against Plaintiffs or their business interests.

21    d. **Declaratory Relief**: Plaintiffs request a declaration affirming that

22    Defendants' conduct violated federal and state laws, including extortion

23    and interference with commerce, and confirming Plaintiffs' entitlement to

24    relief.

25  60. **Legal Basis**:

26    a. **Hobbs Act (18 U.S.C. § 1951)**: Defendants' actions constitute extortion

27    and unlawful interference with commerce, as prohibited under the Hobbs

28    Act.

b. **State Tort Law**: Defendants' conduct also gives rise to claims under state law for intentional infliction of emotional distress, tortious interference with business relations, and extortion.

c. ***Unrebutted* Evidence**: Defendants' admissions and failure to rebut Plaintiffs' affidavits further solidify the Plaintiffs' claims, entitling them to judgment as a matter of law.

61. **Enjoinment Against Future Misconduct**:

Defendants' repeated and deliberate unlawful conduct demonstrates a high likelihood of recurrence. Plaintiffs demand injunctive relief to enjoin Defendants from engaging in any future threats, intimidation, extortion, or interference with Plaintiffs' lawful activities or property rights.

## Sixteenth (16th) Cause of Action (Declaratory Judgement)

62. **Fraud**: For a declaratory judgment affirming that Defendants have committed acts of fraud by willfully misrepresenting material facts, concealing critical information, and engaging in deceptive practices, resulting in harm to Plaintiffs. This judgment will establish Defendants' liability and confirm Plaintiffs' entitlement to relief as provided under applicable federal and state laws.

63. **Breach of Contract**: For a declaratory judgment affirming the terms and enforceability of the self-executing Contract and Security Agreement. Defendants' failure to rebut Plaintiffs' commercial affidavits constitutes tacit agreement to these terms, thereby confirming Defendants' breach of contract and their liability for damages.

64. **Theft, Embezzlement, and Fraudulent Misapplication of Funds and Assets**: For a declaratory judgment confirming that Defendants engaged in theft, embezzlement, and fraudulent misapplication of Plaintiffs' funds and assets, and to restore the misappropriated assets as outlined in the Contract and Security Agreement.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

65. **Fraud, Forgery, and Unauthorized Use of Identity**: For a declaratory judgment affirming that Defendants committed fraud and forgery by unlawfully using Plaintiffs' identity without authorization. This includes the creation, manipulation, or misuse of documents bearing Plaintiffs' name, which resulted in financial harm and reputational damage to Plaintiffs.

66. **Monopolization of Trade and Commerce and Unfair Business Practices**: For a declaratory judgment affirming that Defendants engaged in unlawful monopolistic practices and unfair business practices, including restricting market competition and exploiting Plaintiffs' business interests. This judgment will clarify the public harm caused by Defendants' actions and their impact on Plaintiffs' rights to fair trade and commerce. **Deprivation of Rights Under Color of Law**: For a declaratory judgment affirming that Defendants, acting under the color of law, deprived Plaintiffs of their constitutional and statutory rights. This includes violations of due process, equal protection, and other rights under federal and state laws.

67. **Receiving Extortion Proceeds, False Pretenses, and Fraud**: For a declaratory judgment affirming that Defendants knowingly received and benefited from proceeds obtained through extortion, false pretenses, and fraud. This judgment will confirm the illegal nature of these transactions and establish Defendants' liability for damages.

68. **Extortion and Racketeering**: For a declaratory judgment affirming that Defendants engaged in extortion and racketeering activities in violation of federal and state laws. This judgment will affirm the unlawful nature of Defendants' conduct and its impact on Plaintiffs' rights and interests.

69. **Bank Fraud**: For a declaratory judgment affirming that Defendants engaged in bank fraud under 18 U.S.C. § 1344, involving fraudulent representations, mismanagement of financial instruments, and unlawful practices causing harm to Plaintiffs.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

70. **Fraudulent Transportation and Transfer of Stolen Goods and Securities**: For a declaratory judgment confirming that Defendants unlawfully transported and transferred stolen goods, funds, and securities in violation of federal law. This judgment will confirm Defendants' fraudulent acts and establish their liability for such misconduct.

71. **Slander of Title**: For a declaratory judgment affirming the validity of Plaintiffs' title to the property in question and confirming that Defendants' defamatory actions have unlawfully clouded Plaintiffs' title, causing reputational and financial harm.

72. **Replevin or Compensation**: For a declaratory judgment confirming that Plaintiffs are the sole and lawful owners of the property, free of any claims or encumbrances asserted by Defendants, and quieting the title as against Defendants' actions.

73. **Unlawful Interference, Intimidation, Extortion, and Emotional Distress**: For a declaratory judgment affirming that Defendants engaged in unlawful interference, intimidation, and extortion, which caused emotional distress and harm to Plaintiffs, thereby establishing Defendants' liability and the extent of damages suffered.

74. **Declaratory Judgment for Tacit Agreement and Liability**: For a declaratory judgment affirming that Defendants, by failing to rebut Plaintiffs' duly executed and notarized commercial affidavits, have tacitly agreed to the terms of the self-executing Contract and Security Agreement. This includes Defendants' stipulated liability in the amount of One Hundred Million Dollars ($100,000,000).

## Seventeenth (17th) Cause of Action (Summary Judgement as *a matter of law*)

75. Plaintiffs respectfully request that the Court grant the following relief for the Seventeenth Cause of Action, based on the undisputed facts, Defendants' failure to rebut Plaintiffs' affidavits, and the governing legal

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1   principles, pursuant to **Rule 56(c) of the South Carolina Rules of Civil**
2   **Procedure (SCRCP)** and **Rule 56 of the Federal Rules of Civil Procedure**:
3   1. **Grant Summary Judgment in Plaintiffs' Favor**:
4   • Declare that no triable issue of material fact exists, as Defendants have
5     failed to rebut or produce any competent evidence to controvert
6     Plaintiffs' verified affidavits.
7   • Conclude that Plaintiffs are entitled to judgment as a matter of law
8     pursuant to **Rule 56(c) of the South Carolina Rules of Civil Procedure**
9     **(SCRCP)** and **Rule 56 of the Federal Rules of Civil Procedure**, which
10    both establish that summary judgment is appropriate when there is no
11    genuine dispute as to any material fact.
12  2. **Recognize the Finality of *Unrebutted* Affidavits**:
13  • Affirm that Plaintiffs' ***unrebutted*** affidavits are conclusive and binding as a
14    matter of law under the doctrines of **res judicata**, **stare decisis**, and **collateral**
15    **estoppel**, establishing all relevant facts necessary for judgment.
16  • Hold that Defendants' failure to respond or contest the affidavits
17    creates a legal presumption of their validity and precludes any dispute
18    regarding their content.
19  3. **Monetary Judgment as a Matter of Law**:
20  • Enter judgment in favor of Plaintiffs in the total amount of **One**
21    **Hundred Million Dollars ($100,000,000)**, as there is no dispute as to the
22    material facts or the amounts owed. This sum is due as a matter of law
23    under **Rule 56** and **Rule 56(c) of the South Carolina Rules of Civil**
24    **Procedure (SCRCP)**, based on Defendants' failure to provide any
25    evidence or rebut Plaintiffs' claims.
26  4. **Equitable Relief**:
27  • Declare that Defendants are barred from contesting the facts established
28    by the unrebutted affidavits and Plaintiffs' supporting evidence.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1    • Order Defendants to comply with any specific equitable remedies or
2      obligations outlined in Plaintiffs' affidavits and contracts.
3    5. **Costs and Further Relief**:
4    • Award Plaintiffs their costs and reasonable attorney fees incurred in
5      bringing this motion.
6    • Grant such further relief as the Court deems just, equitable, and proper.
7   76. Plaintiffs affirm that, as a matter of law, the undisputed facts, along with
8      Defendants' failure to present contrary evidence, render the amount of
9      **One Hundred Million Dollars ($100,000,000)** immediately due and
10     owing. Under **Rule 56(c) of the South Carolina Rules of Civil Procedure**
11     **(SCRCP)** and **Rule 56**, the absence of any genuine dispute of material fact
12     mandates the entry of summary judgment in favor of Plaintiffs in the
13     specified amount, along with all other requested relief.

14 **Supporting Evidence:**

15   111. **Exhibits "A" through "O,"** which include the unrebutted commercial
16      affidavits and related documentation establishing Defendants' tacit
17      agreement and the undisputed merit and validity of Plaintiffs' claims.

18 //

19

# LIST OF EXHIBITS / EVIDENCE:

20 1. **Exhibit A:** Affidavit: Power of Attorney in Fact.
21 2. **Exhibit B:** UCC1 filing #**240820-1227141**
22 3. **Exhibit C:** UCC3 filing #**240909-1746112**
23 4. **Exhibit D:** national/non-citizen national/internationally protected person PASSPORT
24      CARD #**C34494678**.
25 5. **Exhibit E:** national/non-citizen national/internationally protected person PASSPORT
26      BOOK #**A45202697**.
27 6. **Exhibit F:** Contract Security Agreement #**RF661592921US**.
28 7. **Exhibit G**: Form 3811 corresponding to Exhibit F

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  8. **Exhibit H**: Contract Security Agreement #RF438602920US.

2  9. **Exhibit I**: Form 3811 corresponding to Exhibit H

3  10. **Exhibit J**: INVOICE/TRUE BILL #BMWBANKDISHON9924

4  11. **Exhibit K**: <u>Private</u> Post Registered (with U.S. Treasury) $200,000,000,000.00 USD

5  'MASTER DISCHARGE AND INDEMNITY BOND,' #RF661592161US.

6  12. **Exhibit L**: 2023 form 1099-OID, for $100,000.00.

7  13. **Exhibit M**: 2023 form 1099-A, for $100,000.00

8  14. **Exhibit N**: Fraudulent 'Notice of Our Plans to Sell Property'

9  15. **Exhibit O**: BILL OF EXCHANGE for $100,000 tendered to Defendants

10  //

11  //

12  //

13  ## WORDS DEFINED GLOSSARY OF TERMS:

14  As used in this Affidavit, the following words and terms are as defined in this

15  section, non-obstante:

16  1. **Attorney:** Strictly, one who is designated to transact business for another;

17  a legal agent. — Also termed attorney-in-fact; private attorney. 2. A person

18  who practices law; LAWYER. Also termed (in sense 2) attorney-at-law;

19  public attorney. A person who is appointed by another and has authority

20  to act on behalf of another. *See also* POWER OF ATTORNEY.  See, Black's

21  Law Dictionary 8th Edition, pages 392-393, Oxford Dictionary or Law, 5th

22  Edition, page 38, American Bar Association's website.

23  2. **Attorney-in-fact:** A private attorney authorized by another to act in his

24  place and stead, either for some particular purpose, as to do a particular

25  act, or for the transaction of business in general, not of a legal character.

26  This authority is conferred by an instrument in writing, called a "letter of

27  attorney," or more commonly a "power of attorney." A person to whom

28  the authority of another, who is called the constituent , is by him lawfully

-83 of 92-

1   delegated. The term is employed to designate persons who are under

2   special agency, or a special letter of attorney, so that they are appointed in

3   *factum*, for the deed, or special act to be performed; but in a more

4   extended sense it includes all other agents employed in any business, or

5   to do any act or acts in pais for another. Bacon, Abr. Attorney; Story, Ag. §

6   25. All persons who are capable of acting for themselves, and even those

7   who are disqualified from acting in their own capacity, if they have

8   sufficient understanding, as infants of proper age, and femes coverts, may

9   act as attorney of other. The person named in a power of attorney to act

10   on your behalf is commonly referred to as your "agent" or "attorney-in-

11   fact." With a valid power of attorney, your agent can take any action

12   permitted in the document. — See Bouvier's Law Dictionary, volumes 1,2,

13   and 3, page 282, Blacks Law Dictionary 1, 2nd, 8th, pages 105, 103, and

14   392 respectively, and the American Bar Association's website on 'Power of

15   Attorney' and 'Attorney-In-Fact'

16  3.  **financial institution:**  a **person**, an **individual**, a **private banker**, a business engaged

17   in vehicle sales, including automobile, airplane, and boat sales, persons involved in

18   real estate closings and settlements, the United States Postal Service, a commercial

19   bank or trust company, any credit union, an agency of the United States Government

20   or of a State or local government carrying out a duty or power of a business described

21   in this paragraph, a broker or dealer in securities or commodities, a currency

22   exchange, or a business engaged in the exchange of currency, funds, or value that

23   substitutes for currency or funds, financial agency, a loan or finance company, an

24   issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar

25   instruments, an operator of a credit card system, an insurance company, a licensed

26   sender of money or any other person who engages as a business in the transmission of

27   currency, funds, or value that substitutes for currency, including any person who

28   engages as a business in an informal money transfer system or any network of people

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system. Ref, 31 U.S. Code § 5312 - Definitions and application.

4.  **individual:** As a noun, this term denotes a single **person** as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; but it is said that this restrictive signification is not necessarily inherent in the word, and that it **may**, in proper cases, include **artificial persons**.  As an adjective: Existing as an indivisible entity. Of or relating to a single person or thing, as opposed to a group.— See Black's Law Dictionary 4th, 7th, and 8th Edition pages 913, 777, and 2263 respectively.

5.  **person:** Term may include artificial beings, as corporations. The term means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity. The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.  **The term "person" means a natural person or an organization. -Artificial persons.** Such as are created and devised by law for the purposes of society and government, called "corporations" or bodies politic." **-Natural persons.** Such as are formed by nature, as distinguished from artificial persons, or corporations. **-Private person.** An individual who is not the incumbent of an office. Persons are divided by law into natural and **artificial.** Natural persons are such as the God of nature formed us; **artificial** are such as are created and devised by **human laws,** for the purposes of society and government, which are called "corporations" or "bodies politic." — See Uniform Commercial Code (UCC) § 1-201, Black's Law Dictionary 1st, 2nd, and 4th edition pages 892, 895, and 1299, respectively, 27 Code of Federal Regulations (CFR) § 72.11 - Meaning of terms, and 26 United States Code (U.S. Code) § 7701 - Definitions.

6.  **bank**: a **person** engaged in the business of banking and includes a savings bank, savings and loan association, credit union, and **trust company**.  The terms "banks", "national bank", "national banking association", "member bank", "board", "district",

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

and "reserve bank" shall have the meanings assigned to them in section 221 of this title. An institution, of great value in the commercial world, empowered to receive deposits of money, to make loans. and to issue its promissory notes, (designed to circulate as money, and commonly called "bank-notes" or "bank-bills" ) or to perform any one or more of these functions. The term "bank" is usually restricted in its application to an incorporated body; while a **private individual** making it his business to conduct banking operations is denominated a "banker." Banks in a commercial sense are of three kinds, to wit; (1) Of deposit; (2) of discount; (3) of circulation. Strictly speaking, the term "bank" implies a place for the deposit of money, as that is the most obvious purpose of such an institution. — <u>See, UCC 1-201, 4-105, 12 U.S. Code § 221a, Black's Law Dictionary 1st, 2nd, 4th, 7th, and 8th, pages 117-118, 116-117, 183-184, 139-140, and 437-439.</u>

7.  **discharge:** To cancel or unloose the obligation of a contract; to make an agreement or contract null and inoperative. Its principal species are rescission, release, accord and satisfaction, performance, judgement, composition, bankruptcy, merger. As applied to demands claims, right of action, incumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force, to satisfy it. And here also the term is generic; thus a dent , a mortgage. As a noun, the word means the act or instrument by which the binding force of a contract is terminated, irrespective of whether the contract is carried out to the full extent contemplated (in which case the discharge is the result of performance) or is broken off before complete execution. See, Blacks Law Dictionary 1st, page.

8.  **pay:** To discharge a debt; to deliver to a creditor the value of a debt, either in money or in goods, for his acceptance. To pay is to deliver to a creditor the value of a debt, either in money or In goods, for his acceptance, by which the debt is discharged. See Blacks Law Dictionary 1st, 2nd, and 3rd edition, pages 880, 883, and 1339 respectively.

9.  **payment:** The performance of a duty, promise, or obligation, or discharge of a debt or liability. by the delivery of money or other value. Also the money or thing so

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  delivered. Performance of an obligation by the delivery of money or some other
2  valuable thing accepted in partial or full discharge of the obligation. [Cases: Payment
3  1. C.J.S. Payment § 2.] 2. The money or other valuable thing so delivered in satisfaction
4  of an obligation. See Blacks Law Dictionary 1st and 8th edition, pages 880-811 and
5  3576-3577, respectively.

6  10. **may:** An auxiliary verb qualifying the meaning of another verb by expressing
7  ability, competency, liberty, permission, probability or contingency. —
8  Regardless of the instrument, however, whether constitution, statute, deed,
9  contract or whatnot, **courts** <u>not</u> **infrequently construe "may" as "shall" or**
10  **"must"**. — <u>See Black's :aw Dictionary, 4th Edition page 1131.</u>

11  11. **extortion:** The term "**extortion**" means the obtaining of property from another,
12  **with his consent, induced by wrongful use of actual or threatened force,**
13  **violence, or fear, or under <span style="color:red">color</span> of official right.** — <u>See 18 U.S. Code § 1951 -</u>
14  <u>Interference with commerce by threats or violence.</u>

15  12. **national:** "foreign government", "foreign official", "internationally protected
16  person", "international organization", "national of the United States", "official
17  guest," and/or "non-citizen national." **They all have the same meaning.** <u>See</u>
18  <u>Title 18 U.S. Code § 112</u> - Protection of foreign officials, official guests, and
19  internationally protected persons.

20  13. **United States:** For the purposes of this Affidavit, the terms "<u>U</u>nited <u>S</u>tates" and
21  "U.S." *mean only the Federal Legislative Democracy of the District of Columbia,*
22  Puerto Rico, U.S. Virgin Islands, Guam, American Samoa, and any other
23  Territory within the "United States," which entity has its origin and jurisdiction
24  from Article 1, Section 8, Clause 17-18 and Article IV, Section 3, Clause 2 of the
25  Constitution for the United States of America. *The terms "United States" and*
26  *"U.S." are NOT to be construed to mean or include the sovereign, <u>u</u>nited 50 <u>s</u>tates of*
27  *America.*

28  //

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  14. **fraud:** deceitful practice or Willful device, resorted to with intent to deprive
2       another of his right, or in some manner to do him an injury.   As distinguished
3       from negligence, it is always positive, intentional. as applied to contracts is the
4       cause of an error bearing on material part of the contract, created or continued
5       by artifice, with design to obtain some unjust advantage to the one party, or to
6       cause an inconvenience or loss to the other. in the sense of court of equity,
7       properly includes all acts, omissions, and concealments which involved a
8       breach of legal or equitable duty, trust, or confidence justly reposed, and are
9       injurious to another, or by which an undue and unconscientious advantage is
10      taken of another. See Black's Law Dictionary, 1st and 2nd Edition, pages 521-522
11      and 517 respectively.
12  15. **color:** appearance, semblance. or simulacrum, as distinguished from that which
13      is real. A prima facie or apparent right. Hence, a deceptive appearance; a
14      plausible, assumed exterior, concealing a lack of reality; a a disguise or pretext.
15      See, Black's Law Dictionary 1st Edition, page 222.
16  16. **colorable:** That which is in appearance only, and not in reality, what it purports
17      to be. See, Black's Law Dictionary 1st Edition, page 2223.
18  //
19  //
20  //
21  ## COMMERCIAL OATH AND VERIFICATION:
22  County of Marion                    )
23                                       )          Commercial Oath and Verification
24  The State of South Carolina     )
25  I, BRIAN VICTOR CHARLES, under my unlimited liability and Commercial Oath
26  proceeding in good faith being of sound mind states that the facts contained herein
27  are true, correct, complete and not misleading to the best of Affiant's knowledge
28  and belief under penalty of International Commercial Law and state this to be HIS

VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR COMPENSATION, and DEMAND SUMMARY JUDGEMENT AS A MATTER OF LAW

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1  Affidavit of Truth regarding same signed and sealed this <u>12TH</u> day of <u>FEBRUARY</u>

2  in the year of Our Lord two thousand and twenty five:

3           proceeding sui juris, In Propria Persona, by *Special Limited Appearance,*
           **All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

4

5           By:_____

6           **Brian-Victor: Charles**, *Authorized Representative,*
           *Attorney-In-Fact, Secured Party,*

7           *Executor,* national/internationally protected person

8           *private bank(er)* EIN # 9x-xxxxxxx

9  //

10  Let this document stand as truth before the Almighty Supreme Creator and let it be

11  established before men according as the scriptures saith: *"But if they will not listen,*

12  *take one or two others along, so that every matter may be established by the testimony of two*

13  *or three witnesses." Matthew 18:16. "In the mouth of two or three witnesses, shall every*

14  *word be established" 2 Corinthians 13:1.*

15                      *Sui juris,* By *Special Limited* Appearance,

16           By: *Veronica H. Sullivan*_____
                                  *(WITNESS)*

17

18                      Sui juris, By *Special Limited* Appearance,

19           By:_____

20                                  (WITNESS)

21  //

22              **P R O O F   O F   S E R V I C E**

23  STATE OF SOUTH CAROLINA    )

24                              )    ss.

25  COUNTY OF MARION            )

26      I competent, over the age of eighteen years, and not a party to the within

27  action. My mailing address is the BVC Private, care of: PO Box 1422, Marion, South

28  Carolina [29571]. On or before February 10, 2025, I served the within documents:

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

1   **1.**     **VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT,**

2   **RACKETEERING, THEFT, EMBEZZLEMENT, CONSPIRACY, REPLEVIN OR**

3   **COMPENSATION, and SUMMARY JUDGEMENT AS A MATTER OF LAW.**

4   **2.**                         **Exhibits A and N**

5       **By United States Mail.** I enclosed the documents in a sealed envelope or

6   package addressed to the persons at the addresses listed below by placing the

7   envelope for collection and mailing, following our ordinary business practices. I

8   am readily familiar with this business's practice for collecting and processing

9   correspondence for mailing. On the same day that correspondence is placed for

10   collection and mailing, it is deposited in the ordinary course of business with the

11   United States Postal Service, in a sealed envelope with postage fully prepared. I am

12   a resident or employed in the county where the mailing occurred. The envelope or

13   package was placed in the mail in Marion County, South Carolina, and sent via

14   Registered Mail with a form 3811.

15

16           Sebastian Mackensen
            C/o BMW NORTH AMERICA
            200 BMW Drive

17           WooDcliff Lake, New Jersey [07677-7731]
            Registered Mail #RF438603528US

18

19           Birgit Boehm
            C/o BMW VEHICLE OWNER TRUST 2020-A, BMW FINANCIAL

20           SERVICES NA, LLC
            300 Chestnut Ridge Road

21           WooDcliff Lake, New Jersey [07677-7731]
            Registered Mail #RF438603531US

22

23           John Minshew, Joey Vause
            BMW OF FLORENCE

24           2199 David H McLeod Boulevard Suite B
            Florence, South Carolina [29501]

25           Registered Mail #RF438603545

26       On February 12, 2025, I served the within documents **by Electronic Service.**

27   Based on a court order and/or an **agreement of the parties** to accept service by

28   electronic transmission, I caused the documents to be sent to the persons at the

-90 of 92-

Registered Mail #**RF438603559US** — Dated: **02/12/2025**

1 | electronic notification addresses listed below.

2

Sebastian Mackensen
C/o BMW NORTH AMERICA
200 BMW Drive
Woodcliff Lake, New Jersey [07677-7731]
CustomerRelations@bmwusa.com

Birgit Boehm
C/o BMW FINANCIAL SERVICES NA, LLC
300 Chestnut Ridge Road
Woodcliff Lake, New Jersey [07677-7731]
CustomerRelations@bmwusa.com

John Minshew, Joey Vause
BMW OF FLORENCE
2199 David H McLeod Boulevard Suite B
Florence, South Carolina [29501]
mchristenbury@fivestaronline.net
manderson@fivestarflorence.com
jminshew@fivestarflorence.com
jvause@fivestarflorence.com

14 |     I declare under penalty of perjury under the laws of the State of South

15 | Carolina that the above is true and correct. Executed on February 12, 2025 on

16 | Marion, South Carolina.

17 |                                    */s/Kaliq El-Amin/*

18 |                                     Kaliq El-Amin

19 | //

20 | //

21 | //

22 | //

23 | //

24 | //

25 | **NOTICE:**

26 | Using a notary on this document does *not* constitute any adhesion, *nor does it alter*

27 | *my status in any manner.* The purpose for notary is verification and identification

28 | only and not for entrance into any foreign jurisdiction.

Registered Mail #**RF438603559US** — **Dated: 02/12/2025**

# ACKNOWLEDGEMENT:

State of South Carolina        )

                              ) ss.

County of MARION        )

On this 12th day of <u>February</u>, 2025, before me, _Kali'Q EL-Amin_ , a Notary

Public, personally appeared <u>Brian Victor Charles</u>, who proved to me on the basis of

satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the

within instrument and acknowledged to me that he/she/they executed the same in

his/her/their authorized capacity(ies), and that by his/her/their signature(s) on

the instrument the person(s), or the entity upon behalf of which the person(s) acted,

executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of South

Carolina that the foregoing paragraph is true and correct.


WITNESS my hand and official seal.


Signature _____ (Seal)