IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Victor Charles, | ) | Case No.: 4:25-cv-0895-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Birgit Boehm; Sebastian Mackensen; John Minshew; Joey Vause; BMW Financial Services, NA, LLC; BMW of North America; BMW Vehicle Owner Trust 2020-A; BMW Florence; Does 1 – 100, Inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 25), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the screening and recommended dismissal of Plaintiff's Second Amended Complaint for failure to state a claim and lack of subject-matter jurisdiction.[1]

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff, proceeding *pro se*, commenced this action asserting numerous federal and state-law claims arising from the repossession of a vehicle. After filing an original

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Complaint and an Amended Complaint, Plaintiff was twice advised that his pleadings were subject to summary dismissal and afforded opportunities to cure identified deficiencies. By Order dated May 2, 2025, Plaintiff was expressly warned that failure to correct those deficiencies would result in a recommendation of dismissal without leave for further amendment. Plaintiff thereafter filed a Second Amended Complaint.

B.     **Report and Recommendation**

On July 2, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's Second Amended Complaint be dismissed without prejudice and without issuance and service of process. (DE 25.)

The Magistrate Judge concluded that the Second Amended Complaint failed to state a claim upon which relief could be granted and failed to establish federal subject-matter jurisdiction. The Report further determined that Plaintiff's claims rested on legally frivolous and implausible theories— including reliance on purported "bills of exchange," tacit acquiescence, and unilateral contractual instruments— that courts have repeatedly rejected as a matter of law. The Magistrate Judge also found that Plaintiff failed to allege facts sufficient to support any cognizable federal claim and failed to establish diversity jurisdiction over any remaining state-law claims.

C.     **Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.     Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff did not file objections, and the time for doing so has expired.

After issuance of the Report and expiration of the objection period, Plaintiff filed an "Amended Verified Complaint." (DE 28.) That filing was submitted without leave of Court and after Plaintiff had been expressly warned that no further amendment would be permitted. Accordingly, the Court declines to consider the filing as a matter of procedure.

In any event, even if the Court were to consider the allegations set forth in DE 28, the filing does not cure the deficiencies identified in the Report and would not alter the recommended disposition. The amended pleading continues to rely on the same legally insufficient theories, fails to establish federal jurisdiction, and does not state a plausible claim for relief. An amendment would, therefore, be futile.

### E.     Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 25) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 16, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.